## Fairchild *against* Dennison.

The statute of amendments applies to cases as well *after* an appeal from, as *before*, an award of arbitrators.

A due-bill or note is admissible under an *insimul computasset*, as evidence of a balance due on a settlement between the parties.

Plaintiff declared on a note for 500 dollars; also for money expended on an *insimul computasset*, and for work and materials: he afterwards filed a statement on a due-bill and a book account.   *Held*, that this was not such a different "cause of controversy" as to render the amendment illegal.

In order to the validity of a book entry as evidence, it must be a registry of a sale and delivery actually made of the things therein contained, at the time of their being so entered.

ERROR  to the common pleas of *Susquehanna* county.

This was an action of debt, by Mason Dennison against Abel Fairchild.   The plaintiff's declaration contained four counts: first, on a promissory note of 500 dollars; second, for money paid, laid out and expended, 500 dollars; third, on a settled account and balance due, 500 dollars; fourth, for work and labour done, and materials furnished, 500 dollars.   After this declaration was filed, the cause was referred to arbitrators, who awarded for the defendant; from which the plaintiff appealed.   On the trial of the cause, the plaintiff asked leave to amend his declaration by filing a new one; whereupon, by leave of the court, he filed a statement of his cause of action, viz. a due-bill of the 7th of April 1829 by the defendant for 75 dollars, and a book account against the defendant, from September 1820 until October 1830, amounting to 399 dollars 81 cents.   To which the defendant excepted.

The plaintiff being duly sworn to make true answers to such questions as should be asked him touching his books, testified: "that this book is a book of original entries of medicines sold; the account herein charged to defendant, is copied in part from this memorandum; that he has no ledger to which this book is posted; that he has another book in which he makes charges for his professional services, and keeps his general accounts."   The said memorandum was admitted to be in the handwriting of the defendant.

The plaintiff's counsel then offered to read in evidence to the jury

[Fairchild v. Dennison.]

the entries of charges of medicines made in said book, together with said memorandum, to which the defendant's counsel objected : the court overruled the objection, and admitted the evidence, to which the defendant's counsel excepted.

*Jessup,* for plaintiff in error, contended, that the amendment should not have been allowed ; and cited, Diehl *v.* M'Glue, 2 *Rawle* 337 : that the book should not have been admitted in evidence ; Rhodes *v.* Gaul, 4 *Rawle* 407 ; Patton *v.* Ryon, *Ibid.* 408.

*Greenough,* for defendant in error, on the first point, cited, Cunningham *v.* Day, 2 *Serg. & Rawle* 1 ; Rodrigue *v.* Curcier, 15 *Serg. & Rawle* 81 ; Farmers and Mechanics Bank *v.* Israel, 6 *Serg. & Rawle* 293 ; Cassel *v* Cook, 8 *Serg. & Rawle* 268.

The opinion of the Court was delivered by

KENNEDY, J.—The first error is, that the court erred in permitting the plaintiff to amend his declaration by filing the statement : and the second error is, that the court erred in permitting the plaintiff to state new and distinct causes of action, after an award of arbitrators against him. Now it is obvious that if the first error can be sustained at all, it must be on the ground that the second error is true, which makes it proper to consider them together as one.

By the act of 1806, it is made the duty of the court, either on or before the trial of a cause, to permit an amendment of any informality to be made in the declaration or statement of the plaintiff, or plea of the defendant, when in their opinion such informality would affect the merits of the *cause in controversy.* The act in this respect is imperative ; and it would be error in the court to refuse such permission in any case, when asked for, whether it be after an appeal from the award of arbitrators or not ; for no clause or part of the act seems to make any distinction on this account. The third count in the declaration being an *insimul computasset,* as filed first, was no doubt intended to embrace all previous dealings and accounts between the parties ; and it may be, that when it was drawn, it was thought the evidence would be such as to authorize the introduction of it, and that the whole of the plaintiff's claim might be established under it ; but it may have been that, for some cause or other, the plaintiff was deprived of that evidence. For instance, a statement of the whole of the plaintiff's claim against the defendant might have been made out in writing, in the form of an account stated long before the commencement of the suit, and delivered by the plaintiff to the defendant, who received and retained it without ever having made any objection to it. If such were the fact, evidence of it would have been admissible under the third count, and have gone to have supported the whole claim of the plaintiff. But then it may have happened, that the only witness by whom he could have made such proof at the time of filing the declaration, died before the trial of the cause, and thus have made it necessary, in the opinion of the

[Fairchild v. Dennison.]

counsel who afterwards tried the cause, to obtain the amendment. But if the promissory note, specified in the statement which the plaintiff filed as the amendment to his declaration, be genuine and admitted, or capable of being proved to be so, it is more probable that the third count was designed to meet it: and I am at a loss to discover why it was that the amendment was deemed necessary to enable the plaintiff to recover all he got a verdict for; because he might have recovered under the third count to the full amount of that note, besides interest thereon from the time it became payable, which would have been near 97 dollars instead of 30. Story *v.* Atkins, 2 *Stran.* 719; *Bull. N. P.* 136, 137; *Chitty on Bills* 366; Clayton *v.* Gosling, 5 *B. & C.* 360; Highmore *v.* Primrose, 5 *M. & S.* 65; 2 *Saund.* 122, *note* 3. That this note would have been admissible under the third count as evidence of a balance due, on settlement between the parties, from the defendant to the plaintiff, is established by the foregoing authorities beyond a doubt; and the plaintiff after having given it in evidence, could afterwards, when the defendant had given evidence of his claim against the plaintiff by way of set-off, have rebutted the defendant's set-off, by giving evidence, so far as he had it, of the items contained in his account. It does not, then, distinctly appear to us, that by the amendment any new and different "*cause of controversy*" (which are the words of the act) was introduced, and therefore we cannot say that the court erred in allowing the amendment.

The third error, which is the only remaining one, is, that the court erred in admitting the book and memorandum in evidence, as set forth in the bill of exception.

The plaintiff, on the trial of the cause, produced the book and memorandum here mentioned, and after being sworn to make true answers, testified that the book was a book of original entries of medicines sold; that the account therein charged to the defendant was copied in part from the memorandum; that he had no ledger to which the book was posted; that he had another book in which he made charges for his professional services and kept his general accounts. The memorandum was admitted by the defendant to be in his handwriting.

The counsel for the plaintiff then offered to read the memorandum and the entries charged from it in the book against the defendant, in evidence to the jury, to which the counsel for the defendant objected; but the court overruled the objection, and admitted both to be read in evidence, to which the defendant's counsel excepted. It appears to me that the court erred in admitting this evidence; for it is evident, according to the plaintiff's own showing, that the entries in the book, said to be transferred from the memorandum, were not such original entries as the law makes admissible upon the oath of the party. When compared with the memorandum, they are only in part a transcript of it. The memorandum on its face does not purport to be an account or bill of articles or goods sold and delivered, but barely an inventory of the articles therein mentioned, with the value

[Fairchild v. Dennison.]

affixed to each article. They are not stated to have been bought of any one; nor is any person charged as a debtor for or on account of them. In short, the name of no person whatever, appears on the memorandum; so that from it, it is utterly impossible to pronounce it even an account of the sales of the articles therein specified, and certainly still less an account of a sale and delivery of them from the plaintiff to the defendant. And that it was never intended to be such, is shown by a comparison of it with the entries made by the plaintiff in his book, for he has only charged some of the items, omitting the residue; and why not have charged the whole if the memorandum was made out for that purpose? It is manifest, then, that the memorandum itself, although admitted by the defendant to be in his handwriting, was no evidence to charge him with the prices of the things therein mentioned to the plaintiff. And as the plaintiff testified that he made the memorandum the ground or basis for charging the articles therein specified in his book, the book could certainly be no better evidence, nor as good even as the memorandum. It is clear, then, that the entries, not being made in the book as a registry of a sale and delivery actually made of the things therein mentioned, at the time of their being so entered, were not admissible evidence, and the court therefore erred in receiving them.

Judgment reversed, and a *venire de novo* awarded.