CHIEF JUSTICE DUVALL
delivered the opinion op the coukt:
Thé summons requiring the defendant to show cause why the Commonwealth should not have judgment lor the amount of the forfeited recognizance was regularly executed on Brown, who failed to answer, or to “show cause” in any available *222 mode or form why the forfeiture should not be enforced. The record shows, it is true, that, on the calling of the cause, he produced the respite of the Governor, but certainly the mere production of that paper constituted no defense to the action. The court was not bound, or even authorized, to take any judicial notice of the paper presented in that way. The statute dispenses with pleadings on the part of the Commonwealth in this class of cases, but in all other respects the action must “proceed as an ordinary civil action.” and of course the rule which requires a written statement by the defendant, of the facts constituting his defense, is just as applicable to this as to any other kind of action. Without such written statement, the mere exhibition to the court of the evidence relied on, by the defendant, either to defeat or suspend the action, was properly disregarded, and the court did not err in rendering the judgment.
Nor did the court err in refusing to set aside the judgment. The affidavit and exhibits filed with it are not made part of the record by bill of exceptions or otherwise, but if they were they disclose no valid reason for disturbing the judgment. It appears distinctly that the Governor remitted, not the forfeiture, but the judgment itself, except as to “fees and costs,” and certainly the remission furnished no ground for setting aside the judgment so in part remitted.
The judgment is therefore affirmed. ■