### WILLIAM COOK *vs.* JOHN H. WELCH & another.

A ship broker does not entitle himself to receive commissions from the sellers of a ship, merely by introducing their customer to them, unless he is employed by them as their broker or agent, upon a contract express or implied, or unless he proves a custom for ship brokers to receive commissions from the sellers in such cases.

CONTRACT brought by a ship broker to recover commissions from the sellers of a ship.

At the trial in the superior court, before *Morton*, J., the plaintiff introduced evidence to show the following facts: In June 1863 one Josselyn called upon him for the purpose of purchasing a vessel. The plaintiff named to him, amongst other vessels, the Thomas Woodward, owned by the defendants in Gloucester, and subsequently, under date of July 15th, wrote to the defendants as follows:

" We now have parties wishing to buy a vessel of schooner Thomas Woodward model, worth from $8,000 to $10,000 cash. If you wish to sell your schooner T. W. on her arrival in a few days, you will write us."

To this the defendants replied as follows:

" Yours of the 15th, relating to schooner Thomas Woodward, is received. We cannot give you a definite answer till her return, she being chartered conditionally. . . . . . . We may see you on arrival of the Woodward."

On the 10th of August the plaintiff again wrote to the defendants as follows:

" We are informed that your schooner T. Woodward is now at Gloucester. Have you concluded to sell her? If so, please write us. We wish to buy a vessel of her class for cash. The parties will be here on Thursday next."

On the same day, the defendants wrote to the plaintiff as follows:

" We learn through Mr. W. F. Davis you have not purchased a vessel, and wish to know if the Thomas Woodward can be bought. Will say we would sell her, provided a satisfactory price can be obtained. We are painting her, and making some

slight repairs, when she will be in perfect order. If you wish to communicate about her, please do so, and we will reply."

Shortly afterwards one of the defendants called on the plaintiff, and said they would sell the Thomas Woodward for a certain price; and on the same day the plaintiff informed Josselyn, who agreed to go to Gloucester and see the vessel the next day. One of the defendants called on the plaintiff again the same day, and was informed of Josselyn's agreement. On the next day Josselyn took from the plaintiff the name of the defendants and of their vessel, and went to Gloucester, and there concluded a purchase of the vessel from them. All of the above evidence was controverted by the defendants, except the correspondence.

The plaintiff asked the court to instruct the jury that if the introduction of the parties by the plaintiff was the foundation on which the negotiation proceeded, and without which it would not have proceeded, the plaintiff was entitled to his commissions, although the contract was completed by other parties. The judge refused so to instruct the jury, but instructed them that the services proved by the plaintiff were sufficient to entitle him to recover the amount claimed, if he was acting as a broker or agent for the defendants, employed by them, and that he could not recover unless he was so employed by them by a contract express or implied.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*H. A. Scudder*, for the plaintiff, cited *Wilkinson* v. *Martin*, 8 C. & P. 1; *Burnett* v. *Bouch*, 9 C. & P. 620.

*C. T. Russell*, for the defendants, cited *Winsor* v. *Dillaway*, 4 Met. 221.

CHAPMAN, J. The instruction given to the jury that the services proved by the plaintiff were sufficient to entitle him to recover the amount claimed if he was acting as a broker or agent for the defendants, employed by them, and that he could not recover unless he was so employed by them, by a contract express or implied, was sufficiently favorable for him. A ship broker recovers his commissions on the ground that he is an agent or middle man employed by the party. As such agent he

brings the parties together, and his acts lay the foundation of the contract which they make. It is not necessary for him to complete the contract; but it is sufficient to entitle him to his compensation if they complete it. They may even employ another broker to complete it, yet he may recover. Nor is it necessary that there should be an express contract of agency.

The absence of an express contract is commonly supplied by proof of a usage regulating transactions of this character. Such proof was offered in the cases of *Wilkinson* v. *Martin,* 8 C. & P. 1; *Burnett* v. *Bouch,* 9 C. & P. 620. So in *Winsor* v. *Dillaway,* 4 Met. 221, cited by the defendants' counsel. So in *Read* v. *Rann,* 10 B. & C. 438. And it was there held that the broker's claim for commissions was founded on custom, and that it was necessary to prove it. But the plaintiff in this case has offered no such proof. The letters produced indicate that the plaintiff was acting for the purchaser and not for the seller, and no usage appearing by which in such cases the seller is to pay the commissions of the broker, the broker is not to be regarded as the seller's agent.                               *Exceptions overruled.*