## HART *v.* LIVINGSTON *et al.*

1. **Practice:** ERROR WITHOUT PREJUDICE. Mere irregularities or errors, occurring during the trial of a cause, which could have worked no prejudice to the party complaining, will not operate to reverse the judgment.

2. **Book of account:** EVIDENCE. A book called a book of original entries, which is largely taken up with memorandums of stock purchases, and figurings showing the weight of cattle and hogs bought of different persons, though containing some items which would properly fall under the head of charges by one person against others made in the ordinary course of business, is not admissible in evidence for the purpose of showing a contract of purchase of stock and a payment thereon, by a memorandum or entry thereof made in such book, when offered by the party making such entry and in his own interest.

3. **Replevin:** DEMAND : TENDER : CONTRACT. To entitle a party, who has bargained for the purchase of personal property, but has paid no part of the purchase money, and no time nor place is fixed for the delivery, to

Hart v. Livingston.

maintain replevin for the possession of the property, a tender of the purchase money and a demand for the property must have been made before the commencement of the action.

4. —— And it seems that a party in such case could not, independent of the question of tender and demand, maintain replevin for the property ; especially as against a subsequent purchaser without knowledge of the prior contract.

*Appeal from Jasper Circuit Court.*

MONDAY, JULY 25.

REPLEVIN for thirteen fatted hogs. Plaintiff claims that he bought the hogs, with twelve others, from the Livingstons, " with the privilege of taking and shipping them at his option." The Livingstons, after this alleged purchase, sold the hogs in dispute to McCalmort & Bros., who, bought, on the same day that plaintiff's writ was served, replevin against plaintiff, and afterward these actions were, on plaintiff's motion, consolidated.

Trial and verdict for the Livingstons ; judgment in favor of McCalmort & Bros. against plaintiff for costs, and he now appeals.

*Clark & Ryan* for the appellant.

*Smith & Cook* for the appellee.

WRIGHT, J.—*First*, of some minor matters. The failure to give to the jury the pleadings in the case commenced by McCalmort & Bros. was not reversible error. The court was not asked to do so. The plaintiff, by his amended petition after the consolidation, made his entire case. To this all the parties answered, and there was really but one case before the jury, and the pleadings in this, it is admitted, they had.

**1. PRACTICE: error without prejudice.**

An instruction, that if the jury found for defendants,

Hart v. Livingston.

they should ascertain the value of the property, was of no practical moment, though the necessity for so instructing, inasmuch as the property was not in plaintiff's possession, but in that of defendants, is not perceived. There was no judgment against plaintiff for the value thus found, and he was, hence, not prejudiced. And the same thought applies to the *judgment* in favor of McCalmorf & Bros. upon a *verdict* for the Livingston's. If plaintiff was not entitled to recover he was not in a condition to complain that the property was adjudged to one rather than another of the defendants. But the pleadings admitted that the property had been sold ; and though the jury found that at the time of the commencement of the first action, the right to the possession as against plaintiff was in the Livingstons (and this was what they were to determine,) it was quite regular and proper that the judgment should dispose of the property in accord with the admissions and issues made by the pleadings.

*Second.* A book, called a book of original entries, was offered in evidence by plaintiff, objected to, rejected, and 2. BOOK OF AC- of this he complains. The object was to COUNT: evidence. show therefrom, that, on the day of the alleged purchase, plaintiff made an entry therein, as follows : " Bo't of Livingstons 25 fat hogs, 12 head delivered immediately, balance when fattened, pd. $15.00." The parties differed as to whether plaintiff bought more than twelve hogs, and whether $15.00 was an advance upon these or all. The book seems to be a memorandum, or stock book, kept by one dealing in hogs, cattle, horses and property of this kind generally. Occasionally charges are found against parties for cash, for pasturing stock, minutes kept of when hands commenced work in the harvest field, etc., but it is largely taken up with figuring showing the weight of hogs and cattle, bought of different persons. Some items in it, we think, fall

under the head of "charges by one person against the other, made in the ordinary course of business," and as to these the book might be competent evidence. Not so, however, as to the entry in question. As to this it is not a "book of account." The entry was rather of a contract or agreement, made by the party himself in his own book, and would have been just as competent if made upon separate slips of paper, as when found in this book. Consult on this subject *Vieths* v. *Hagge*, 8 Iowa, 183, 187, 188, 189 ; *Young* v. *Jones*, id. 222 ; *Sloan* v. *Ault*, id. 230 ; *Snell & Butterworth* v. *Eckerson*, id. 284. The book to be admissible, it is said, must be a registry of business actually done, and not of orders, executory contracts and things to be done subsequent to the entry. 1 Greenl. Ev. § 118, note 1 ; *Morse* v. *Potter*, 4 Gray, 292 ; *Fairchild* v. *Dennison*, 4 Watts, 258 ; *Winsor* v. *Dillaway*, 4 Met. 221 ; *Earle* v. *Sawyer*, 6 Cush. 142. In rejecting this book there was no error.

*Third.* The body of this appeal, however, relates to instructions given and refused, and these we are compelled to dispose of by the statement of general propositions, rather than a discussion *in extenso* of the several points here made by appellant.

3. REPLEVIN ; demand : tender : contract.

If plaintiff verbally bargained for these hogs, but paid nothing thereon, and no time or place was fixed for their delivery, a demand for their possession would be necessary before the institution of the action. Nor could he bring replevin (it is not pretended that it was a sale upon credit) without tendering the purchase money for the owner was not bound to part with his property until paid for the same, or a tender, which would be the same thing. A tender after suit brought, and especially after the property had been taken on the second writ, would not be

good. The law, as thus stated, was given in many differ-ent forms by the court below.

Some of the instructions asked by plaintiff, and refused, were covered by those given; others were in conflict therewith and properly refused; while still others, though abstractly correct were not applicable; and even, if so, the refusal could have worked no prejudice, as the want of the prior tender stood in the way of plaintiff's recov-ery; and it was but unnecessarily confusing the jury and incumbering the record to seek to put the case upon other possible grounds. Then, too, we are satisfied from the testimony that the jury could not well have found that there was ever such a sale of this property as to vest the same in plaintiff, or, at least, such a right to the pos-session as entitled him to bring replevin. And especially is this so as against a subsequent purchaser, who bought without knowledge of the prior contract, of a party who apparently owned the property and who had it in posses-sion. Whatever other remedy plaintiff may have for the alleged breach of contract, we feel clear that he was not in a condition to take to himself the possession of the property, as was attempted in this case.

Affirmed.