WHISLER v. DRAKE *et al.*

Books of account: WHEN INADMISSIBLE. A book called a book of original entries but which is taken up with memorandum of purchases of hogs, with the figuring of their weight, price and amounts paid, is not admissible in evidence as a book of original entries. Following *Hart* v. *Livingston,* 27 Iowa, 217.

*Appeal from Wayne District Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION brought October, 1870, to recover $117, with interest from June 6, 1867, for eleven hogs, weighing twenty-six hundred pounds, alleged to have been sold on that date by the plaintiff's intestate, B. W. Level, now deceased, to the defendants, who were partners, under the name of Drake, Sweeney & Hicks. The defendants, by answer, averred that they had paid plaintiff's intestate for the hogs as follows : $50 cash on delivery, $18 cash afterward, and B. W. Level's note to E. H. Drake, for $56. The cause was tried to a jury upon the issue of payment as above ; verdict for plaintiff for the full amount claimed. The defendants appeal.

*Amos Harris* and *M. H. Jones* for the appellants.

*Fannihill & Fee* for the appellee.

COLE, J. — I. On the trial the defendants introduced E. A. Drake as a witness, who testified to the court that a book produced by him contained, among numerous other entries of a similar character, the following: "May 28, 1867, bought of B. W. Level, 11 hogs, 2,600 lbs. at 5cts. Paid $50–18–130 ;" and also that he kept said book ; that the entries were just and true, and were made at the time the transaction therein charged took place ; and that said

book was one of the books of said firm, the defendants. The defendants also introduced three other witnesses, who testified that they were engaged in buying, shipping and selling hogs in said county and vicinity, and that the book offered in evidence was substantially the same, in kind and entries, as was usually kept by men in such business. And thereupon defendants offered said book in evidence, and the court rejected it. The book appears to be identical with that rejected by the court below, in the case of *Hart* v. *Livingston*, 29 Iowa, 217, and which ruling was affirmed in this court. That case is decisive of this, and the cases cited there, *Vieths* v. *Hagge*, 8 Iowa, 183; *Young* v. *Jones*, id. 222; *Sloan* v. *Ault*, id. 230, and *Snell* v. *Echerson*, id. 284, are also decisive against appellants, of two other like questions made in this case, Rev., §§ 2406, 3999.

II. The defendants asked the court to instruct the jury, among other things as follows: " 2. If you find that Level, in his life-time, went to defendants' place of business for the purpose of settling with defendants, and that he had no money before he went into defendants' house, and that he there in the house saw defendants, and was seen to come out with money, which he said he got of defendants, then you may presume from these circumstances that the parties did settle and pay for the hogs in question." There was sufficient testimony upon which to base this instruction; and, in our opinion, it should have been given. But the court refused it. A discussion of the instruction would afford no light. If he had no money; went to defendants' to settle for the hogs, and when he left them had money, and said he got it from them, it needs no argument to show that it is legitimate to presume, or at least the jury *may* presume, therefrom that he did settle and get his pay.

The same is true of instructions three, five and twelve, also asked by defendants and refused by the court. It is true, they each refer to one or more circumstances only " as

tending to show payment;" but they were legitimate and leading circumstances, and did so tend. They ought, therefore, to have been given. The instructions given by the court, that the jury should "carefully weigh all the testimony and each and every circumstance * * * and judge from their experience in life and general knowledge of it," did not fully and fairly include, in all their force, the propositions asked and refused. The defendants' case rests wholly upon circumstances, and they have a right to their legitimate force and effect, both in fact and in law.

The jury were required to return special findings to six propositions submitted to them. As we read the evidence their answers were contrary to it. But it is not necessary to review the evidence here. For the error in refusing the instructions above specified, asked by defendants, the judgment must be

Reversed.