## Otto S. Busch et al., Appellees, v. Walter Schuttler et al., Appellants.

## Gen. No. 24,675.

1. PROCESS, § 39*—*ineffectiveness of service by publication on resident of Germany.* Service by publication on a resident of Germany with whom communication was impossible by reason of the state of war existing between that power and other powers is of no effect.

2. TRUSTS, § 128*—*right to remove alien enemy trustee without notice.* A trustee under a will who, by reason of being an alien enemy, is incapable of performing his duties may be removed without notice.

3. TRUSTS, § 135*—*how word "survivor" is used.* The word "survivor," in connection with the power of one of two trustees to act, is used not only with reference to a condition arising where one of such trustees dies, but also as indicating a trustee who continues to administer the trust after his cotrustee is disqualified, has been removed, renounces or refuses to act.

4. TRUSTS, § 135*—*when approval of advances by only one of trustees appointed by will is sufficient.* Under a will which pro-

---

vides that certain advances shall be approved and certain acts done by trustees appointed by the will "or the survivor of them," the advances may be made if only one of such trustees approve, the other being unable to act by reason of being an alien enemy.

5. TRUSTS, § 126*—*when not essential that all of beneficiaries under will be made parties to proceeding to remove trustee appointed by will.* It is not essential that all the beneficiaries under the will be made parties to a proceeding to remove one of the trustees appointed thereby where all of the beneficiaries whose rights are affected are before the court and the provisions of the will which are involved are separate and distinct and have no bearing on the rights of those not made parties.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Decree modified and affirmed. Opinion filed December 10, 1919.

MAYER, MEYER, AUSTRIAN & PLATT, for appellants.

KRAUS, GOODWIN & RICKARD, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Complainants filed their bill against defendants to remove one of three trustees appointed by the will of Anna Busch, deceased, on the ground that the trustee sought to be removed was a resident of Berlin, a citizen of the German Empire, an alien enemy and unable to act and, therefore, disqualified. A decree was entered removing the trustee and an appeal taken to this court by the other two trustees.

The record discloses that the testatrix, Anna Busch of Chicago, on the 5th day of March, 1913, made her last will and testament while she was sojourning in the City of Charlottenburg, Empire of Germany; that she departed this life on or about the 8th day of April, 1916. The will, so far as is material, after providing for the payment of the testatrix's debts, funeral expenses, and certain specific bequests and devises,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Busch v. Schuttler, 216 Ill. App. 212.

directed that the remainder of the estate be divided in six equal parts or shares. The will then provides:

"*Eighth.* Another of such equal parts or shares of my estate I give, devise and bequeath unto my Trustees hereinafter named, In Trust Nevertheless, for the following uses and purposes, to wit: To invest the same and keep the same invested, and pay over the net income arising therefrom to my son Otto S. Busch for and during the term of his natural life, and upon his death, either before or after my death, I direct that said trust estate so held for his benefit be divided as follows, viz.: One-third thereof to the wife of Otto S. Busch and two-thirds thereof to the children of Otto S. Busch equally, share and share alike, and in the event of the death of any of said children leaving issue him or her surviving, such issue is to take the share the parent would have taken if living. * * *

"*Ninth.* Another of such equal parts or shares of my estate I give, devise and bequeath unto my Trustees hereinafter named, In Trust Nevertheless, for the following uses and purposes, to wit: To invest the same and keep the same invested, and pay over the net income arising therefrom to my son Franz S. Busch for and during the term of his natural life, and upon his death, either before or after my death, I direct that said trust estate so held for his benefit be divided as follows, viz.: One-third thereof to the widow of Franz S. Busch, and two-thirds thereof to the children of Franz S. Busch, equally, share and share alike, and in the event of the death of any such children leaving issue him or her surviving, such issue is to take the share the parent would have taken if living. * * *

"*Tenth.* It shall be competent for my Trustees hereinafter named at any time in their discretion, in order to enable either one of my sons, Otto S. Busch and Franz S. Busch, to establish themselves or to invest funds in any useful business, profession, or occupation, to advance and pay over to each of them out of the shares of my estate held in trust for them respectively, a sum or successive sums of money, not exceeding in the aggregate twenty-five thousand dollars

($25,000), but such advances shall be made only if my Trustees, Walter Schuttler and Dr. Otto Lippstreu, or the survivor of them, approve of the business, profession or occupation proposed to be entered by either of my said sons, or with reference to which any investment of funds is contemplated to be made.''

The will appointed Walter Schuttler of Chicago, The Continental & Commercial Trust and Savings Bank, an Illinois corporation, appellants, and Dr. Otto Lippstreu of Berlin, Germany, and the survivor of them, the executors of and trustees under the will. The will further provided:

''*Fifteenth.* * * * I particularly direct that so far as a division of the labors of my said Executors and Trustees may be concerned, the said Continental & Commercial Trust and Savings Bank shall have the principal charge of the active administration of my estate and the mechanical handling of the same, such as having custody of the funds belonging thereto, * * * and all receipts and disbursements made with reference to my estate.   My other Executors and Trustees shall have charge of all other duties connected with the administration of my estate other than those hereinabove specifically delegated to said Continental & Commercial Trust and Savings Bank, it being my intention, however, that they shall act mainly in an advisory capacity.''

The bill sought the removal of Dr. Otto Lippstreu as trustee only as to the trusts mentioned in the eighth and ninth paragraphs quoted.

The bill averred and the decree found that Dr. Otto Lippstreu at the time of the making of the will was a resident of Berlin, Germany, and a subject of the German Empire; that he continued to there reside up to the time the decree was entered; that at the time of the death of Anna Busch, the testatrix, the German Empire was in a state of war with the United Kingdom of Great Britain and Ireland and the French Republic; that the war continued up to the time of the entry of the decree, and that by reason of this war

none of the parties to the suit were able to communicate with Dr. Lippstreu and that he had taken no part in the administration of the trusts mentioned, and had been unable to do so; that since the death of the testatrix, Dr. Lippstreu has not been within the United States; that the other two trustees, Walter Schuttler and the Continental & Commercial Trust and Savings Bank, have accepted the trust under the terms of the will and entered upon their duties; that on April 6, 1917, the Congress of the United States declared a state of war to exist between the Government of the United States and the Imperial German Government, and that condition existed up to the entry of the decree; that on or about the 6th day of October, 1917, the Congress of the United States passed an act which made it unlawful for any person within the United States to communicate with Dr. Lippstreu, and that since the declaration of war it was at all times impossible for any one interested in the trusts in question to communicate with Dr. Lippstreu; that an opportunity had come to complainants, Otto S. Busch and Franz S. Busch, to establish themselves and to invest funds in a useful business and they applied to Walter Schuttler and the Continental & Commercial Trust and Savings Bank, as trustees, for their approval of the business and the investment of the funds in accordance with the provisions of the will; that both of these trustees approved of the business and of the investment of the funds; that Schuttler had requested the bank to make the advance out of the trust funds, but the bank has not done so for the sole reason that it doubts whether it could legally do so without the approval of Dr. Lippstreu. The decree further found that the trustee, Continental & Commercial Trust and Savings Bank, had sufficient funds in its hands belonging to the trusts to make the advances requested. The decree removed Dr. Lippstreu as trustee and authorized Walter Schuttler, trustee, to exercise all the powers given under the tenth paragraph of the will

and he and the Continental & Commercial Trust and Savings Bank were authorized to make the advances without the concurrence of Dr. Lippstreu.

It is stated that there is no desire on the part of the resident trustees to prevent the advances requested, but they feel it their duty to interpose objection in order that they may be fully protected.

Publication was made in an endeavor to serve Dr. Lippstreu, and he was defaulted.

Appellants contend that on account of the state of war existing between this country and Germany the published notice could not be sent to Dr. Lippstreu, and, therefore, the attempt to serve him was a mere idle form, and the decree a nullity. Since the decree finds that Dr. Lippstreu was a resident of Germany at the time of the death of the testatrix and continued to there reside up to the entry of the decree, and during all that time it was impossible to communicate with him on account of the war, we think the service was of no effect. But we think the removal was authorized without notice. At least part of the property in question was within the jurisdiction of the court. The trustee sought to be removed was an alien enemy and, therefore, incapable of performing his duties. In these circumstances his removal was authorized without notice. *Ketchum v. Mobile & O. R. Co.*, 2 Woods (U. S.) 532, 14 Fed. Cas. 414 (No. 7,737); *In re Martin Pye's Trusts*, 42 L. T. (N. S.) 247. And we think the removal was proper for the reason that Walter Schuttler, trustee, was the "survivor" of Dr. Lippstreu within the meaning of the will. The will provided that advances should be made only with the approval of the trustees "Walter Schuttler and Dr. Otto Lippstreu, or the survivor of them." The word "survivor" in this connection is often used to indicate a trustee who continues to administer the trust after his cotrustee is disqualified, has been removed, renounces, or refuses to act, as well as when he dies. 28 Am. &

Eng. Encyc. of Law (2nd Ed.) 989; *Mullanny v. Nangle,* 212 Ill. 247; *Crewe v. Dicken,* 4 Ves. 97; *Delaney v. Delaney,* L. R. (Ir.) 15 Ch. 55. In 28 Am. & Eng. Encyc. of Law (2nd Ed.), pp. 988-989, it is said:

"Where several persons have been named as trustees, and one of them renounces, or resigns, or dies, the validity of the exercise of the trust powers by the survivors * * * depends on the nature of such powers. Powers that are considered to be purely discretionary * * * can be exercised only by the designated donees in person and acting jointly. * * * In all cases, however, the intention of the donor of the power must govern, so far as the same can be ascertained. Thus, if the trust instrument contains expressions showing that the execution of the trust by less than the whole number of trustees is contemplated, a disclaimer by any of them will neither invalidate the instrument nor impair the power of the others to execute the trust. So, words of survivorship or succession will be construed to confer on the survivor or successor all the powers of the original trustee."

In the *Mullanny* case, *supra,* a bill was filed to obtain the construction of a will and for the appointment of a trustee. The will made certain devises to two persons as executors and trustees, or the survivor of them, and provided that the trustees should have the power to manage and control the property. One of the trustees appointed disclaimed and refused to act. The other qualified and proceeded to perform his duties. It was held that there was no authority in the court to appoint a trustee to act with the one who qualified. The court said, p. 255:

"Thomas Brenan refused to qualify as executor and trustee, whereupon John Nangle qualified as executor, and thereupon became sole executor and trustee of said will and codicils and said estate. The testator, by devising the residue of his estate to his executors or to the survivor of them, showed that he did not intend that there should always be two acting trustees of his estate. * * * Here the author of the trust appointed

two trustees. One only qualified. No provision was made for the appointment of a successor, and it is apparent that the testator did not intend that the failure of one trustee to qualify should create a vacancy. In such state of the case, the trust devolved upon the trustee who qualified and there was no vacancy in the trusteeship.''

In the instant case it is clear that under the will it was the intention of the testatrix that should a favorable opportunity present itself to either or both of her sons, the complainants, to establish themselves in business or a profession, they should be given a sum of money to do so, not exceeding $25,000 each, but that such advances should only be made on condition that the business or profession be approved by the trustees, Walter Schuttler and Dr. Otto Lippstreu, ''or the survivor of them,'' and that where one of the trustees was disqualified or refused to act, the other could do so. For if it were the testatrix's intention that in approving the business or profession, both trustees should act jointly, she would not have used the phrase ''or the survivor of them.'' If these advances cannot be made without the consent of Dr. Lippstreu, trustee, the testatrix's sons will be prevented from establishing themselves in business, and her intention defeated. This is contrary to law and we hold that the true intent and meaning of the testatrix in reference to these advances is that since Dr. Lippstreu is not in a position to act, the advances may be made by his survivor, viz., Walter Schuttler.

It is also clear that under the will it was the intention of the testatrix that if one or more of the three trustees appointed refused to act or was otherwise disqualified, that the trust should be carried out by the one or more of the trustees who should qualify. For the following language clearly indicates this: ''I hereby nominate, constitute, and appoint Walter Schuttler, of Chicago, Illinois, the Continental & Commercial Trust and Savings Bank, an Illinois corporation, and

Dr. Otto Lippstreu, of Berlin, Germany, and the survivor of them, the Executors of and Trustees under this my last will and testament. * * * I hereby authorize and empower them, or the survivor of them, * * * to sell any or all of my real property at such times and places and in such manner as to them or the survivor of them shall seem to the best interests of my estate.''

It is also argued that there is a fatal nonjoinder of necessary parties, in that there are a number of beneficiaries under the will that are not parties to the suit. It is true that there are other beneficiaries who are not parties, but the provisions in the will concerning the testatrix's two sons, Otto S. Busch and Franz S. Busch, the complainants, as set forth in the eighth and ninth paragraphs, are separate and distinct from the other provisions in the will, and it is not sought to affect the rights of any one but the complainants. All the parties interested in these two provisions are before the court. It was unnecessary, therefore, to make the other beneficiaries parties, as their interests were not in any way involved.

It is also said that the decree is erroneous for the reason that it decrees that Dr. Lippstreu be removed ''as trustee under all of the trusts created by the aforesaid will,'' and that since there are other trusts than those mentioned in the bill.

It is true that it was not sought by the bill to remove Dr. Lippstreu except as to the provisions made for the complainants. The decree is too broad and it will, therefore, be modified so as to remove Dr. Lippstreu only as trustee of the trusts created for the complainants and set forth in paragraphs eight and nine in the will.

The decree of the Superior Court of Cook county as modified is affirmed.

*Decree modified and affirmed.*