TINA B. HORAN, Appellee, v. DANIEL E. HORAN, Appellant.

**APPEAL AND ERROR:** Right of Review—Performance of Judgment—
**Effect.** The involuntary performance of a decree because of the issuance of an execution does not deprive the judgment defendant of the right of appeal. (See Book of Anno., Vol. 1, Sec. 12886, Anno. 58 *et seq.*)

Headnote 1:  3 C. J. pp. 675, 678; 19 C. J. p. 188 (Anno.)

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

DECEMBER 14, 1926.

REHEARING DENIED MARCH 22, 1927.

Action for divorce on the grounds of cruel and inhuman treatment. The prayer of plaintiff's petition was granted, and she was given the custody of all the children, judgment against defendant for $300, and a monthly allowance of $40 for the support of the children. Defendant appeals.—*Affirmed.*

*E. R. Acres,* for appellant.

*Willett & Nelson* and *William S. Hart,* for appellee.

ALBERT, J.—Each divorce case stands largely, if not wholly, on its facts, and no good can be done to the litigants, and little to the profession, by attempting to set out the facts in any given case. In this case, as usual, the record is somewhat voluminous, consisting of the details of many happenings in the life of this husband and wife from the time of their marriage, in November, 1914, until the time of their separation, in the summer of 1925. The force and effect of all of these details of facts cannot be reflected within the length of an opinion which should be written in such cases. As usual, many of the facts and incidents which ordinarily would be considered customary events of married life are magnified, and in some instances, clearly far beyond the reality. Also as usual, there is much crimination and recrimination in the testimony, and the usual amount of disagreement among witnesses who saw the same incidents, but understood them or interpreted them in a different way. We shall not attempt to generalize even the more material facts in the case which lead us to a conclusion.

Appellee was 16 years of age, and appellant 21 at the time of their marriage. Both had been reared on a farm. Appellant was possessed of a horse and buggy, and appellee had no property. They both worked out, the first year, saved some money, and moved to a farm in Minnesota in 1916, and from that time on, continued to rent and operate farms. They accumulated the usual amount of farm machinery. At the time the separation occurred, in 1925, they were living on a farm about five miles from Decorah. At this time they had acquired personal property which was appraised by disinterested parties at the sum of $2,202. There was some outstanding indebtedness, among which was $500 unpaid rent and about $100 of other unpaid bills. Eight children had been born to them, one of whom died in infancy. At the time of the trial, the oldest child was 11 years of age, and the youngest, 2.

We shall not set out in detail the evidence in this case, but the testimony of appellee was abundantly sufficient to warrant the court in granting a divorce on the grounds of cruel and inhuman treatment. In many details testified to by her as to the action and conduct of appellant she was fully corroborated, and if her story is to be believed, the court was fully warranted in finding in her favor. It is true that as to much of the testimony

there is a dispute, and as to some incidents, the weight of the testimony seems to be with appellant. But taking the evidence as a whole, we are satisfied that the court reached the correct conclusion in this matter.

Appellant does not argue the question of the custody of the children or the amount of alimony allowed; hence we give no attention to these questions.

A motion was filed to dismiss the appeal on the basis of alleged performance of the decree by appellant; but whatever he did was only done after the execution was issued, and his action, therefore, was under compulsion, and is not a voluntary performance of the provisions of the decree. The motion is overruled.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.