IN RE ESTATE OF PAULINE STRASSER, and TRUST UNDER WILL.

WILLIAM A. HICKEY, Applicant, Appellant; DAVENPORT BANK & TRUST COMPANY, Respondent; JENNIE STRASSER, Respondent, Appellee.

No. 42990.

JULY 17, 1935.

A. G. Sampson, for appellant.

Lane & Waterman and Thuenen & Thuenen, for appellees.

ANDERSON, J.—The American Trust Company was a corporation organized and existing under the laws of the state of Iowa with its principal place of business in Davenport, Scott county, Iowa. The will of one Pauline Strasser was admitted to probate in the district court of Scott county, Iowa, on the 2d day of April, 1928. The will created a trust estate for the use and benefit of a son and stepdaughter of the decedent, and devised such trust estate to the American Trust Company of Davenport, Iowa, in trust. In February, 1929, the said American Trust Company qualified as trustee under the said will, and letters of trusteeship were issued to it by the district court of Scott county. The said trust company continued to act as trustee of said estate until on or about December 27, 1932, at which time the superin·tendent of banking of the state of Iowa was appointed its receiver by the district court. The order appointing said receiver found that the trust company was insolvent, and directed the liquidation of its liabilities, the distribution of its assets, and the winding up of its affairs, and appointed a receiver for the purpose of making such liquidation, distribution, and dissolution. The trust company appeared in the proceeding in person and by written appearance of its board of directors, in conformity with a resolution duly adopted by said board. The receiver, after his qualification, filed an application in the proceedings in which he stated that ''there are few, and perhaps no, claims existing in favor of depositors and that by far the greatest number of claims existing against American Trust Company are claims on account of net cash balances of moneys received by American Trust Company in the capacities of executor, administrator, guardian, trustee, or other fiduciary capacity,'' and that such claims should be made and filed by successors to be appointed to succeed the American Trust Company in such various fiduciary capacities, and the application further suggested or requested that claims on behalf of such trust estates be allowed in the amount shown by the inventory without requirement of filing proof thereof. Soon after the appointment of the said receiver the board of directors of the American Trust Company adopted a resolution reciting that the receiver had taken possession of the property and business of the American Trust Company, ''including assets and property of the several trusts which make it impossible for American Trust Company to perform any acts in a fiduciary capacity,'' and reciting further that the company had been

appointed and qualified in various fiduciary positions and relationships, and stating further, ''that the Company does hereby resign each and every its office and position aforesaid'' and authorized the receiver to file appropriate resignations and to turn over and convey the trust assets to its successors in trust and renouncing all right, title, and interest in and to the real and personal property of the estate or trust to which such successor shall be appointed.

The receiver presented a certified copy of the foregoing resolution to the court and procured authority from the court to act pursuant to and in accordance with the said resolution. The appellee Jennie Strasser, who was the sole surviving beneficiary under the Pauline Strasser trust, then filed an application in the probate proceeding for the appointment of a successor trustee, and the Davenport Bank & Trust Company was by the court appointed such successor in trust, qualified as such, and letters of trusteeship were issued to it. Thereafter, the Davenport Bank & Trust Company as successor trustee applied to the district court in the receivership proceeding for an order requiring the receiver to turn over the assets of the Strasser trust to it as successor of the American Trust Company. No notice of the filing of such application was served on any officer of the American Trust Company, but it was submitted to and approved by the receiver of the trust company. An order was made on said application directing the receiver to turn over to the Davenport Bank & Trust Company the assets belonging to said trust estate.

The American Trust Company ceased to act as trustee when the receiver was appointed, and made no reports and performed no duties as such for more than a year. Nearly two years after the appointment of the receiver of the American Trust Company and more than a year and one-half after the assets in the Strasser trust had been turned over to the Davenport Bank & Trust Company by the receiver, the board of directors of the American Trust Company met and adopted a resolution purporting to rescind the former action of the board of directors resigning all fiduciary positions, and soon thereafter the appellant herein, William A. Hickey, filed in the district court of Scott county an application for an order requiring the Davenport Bank & Trust Company to turn over the assets of the Pauline Strasser trust to the American Trust Company, reciting in the said application that he was a surety on the bond of the American Trust Com-

pany as trustee under the will of Pauline Strasser, and that the American Trust Company had never been removed as trustee of such estate, and that the appointment of the Davenport Bank & Trust Company was illegal and of no force and effect. A hearing was had upon this application, and the prayer thereof denied. The applicant, William A. Hickey, prosecutes this appeal.

The appellant contends that the order appointing the successor trustee was void for the reason that no vacancy existed in the trusteeship. The appellant insists that the insolvency of the American Trust Company and the appointment of a receiver therefor did not create a vacancy in the office of trustee in the estate involved, and several hundred others in similar situation; that no proceedings to remove the American Trust Company as trustee were had under the provisions of section 12066 et seq., Code 1931. The sections referred to provide for the removal of executors or administrators and provide that such may be removed. by the court or judge, when the interests of the estate require it, for several causes, among which we find the following: "Or [for] any other cause, he becomes incapable of discharging his trust in such manner as the interest and proper management of the estate may require." The statute then provides for the filing of a petition for removal, the issuance of a citation or a notice of the pendency of the petition for removal, and a hearing thereon.

Section 11876 of the Code provides that trustees appointed by the provisions of a will or by an order of court must qualify and give bonds the same as executors, and shall be subject to control or removal by it in the same manner, and others appointed.

Section 10764 of the Code provides that the district court "shall have jurisdiction in all matters in relation to the appointment of executors and trustees, and the management and disposition of the property of and settlement of such estates."

Chapter 416 of the Code authorizes state banks and trust companies to be appointed as fiduciaries in the matter of estates or trusts, and section 9292 of the Code provides that in case any such corporation desires to retire from business "or in case of the dissolution of any such corporation, the court having jurisdiction of each of the several trusts and appointments held by such corporation shall, upon application of such corporation or its receiver, after such notice to the other parties in interest as

the court may direct, and after a hearing upon such application, appoint another corporation as successor trustee or appointee.''

The appellant does not dispute the insolvency of the American Trust Company and the appointment of a receiver therefor, but argues that this situation does not create a vacancy in the office of fiduciary in the estate in which the trust company had been appointed and qualified. The finding by the court of a condition of insolvency and the appointment of a receiver in the instant case certainly divested the trust company of the control of all of its assets, including property held in trust, and effectually prevented it from further continuing or acting in any fiduciary relation, and prevented it from continuing business as a banking or trust company. In the instant case, practically all, if not all, of the business assets of the trust company consists of trust funds, and if the appellant's position is sustained, then the appointment of a receiver for the trust company would be an empty gesture, as he would not have authority to take possession of and conserve the various trust funds constituting the assets of the insolvent company. This position cannot be sustained. We do not think that the Iowa Statutes (chapters 415 and 416 of the 1931 Code) contemplate that a bank or trust company shall continue to administer trusts or act in a fiduciary relation after it becomes insolvent and a receiver is appointed therefor. When a receiver is appointed for a bank or trust company, its affairs, including its relation in the handling of trusts, immediately fall under the direction of the court appointing a receiver. The receiver cannot act as successor trustee permanently, but must retain and conserve the trust funds until successors in trust are appointed. After the finding of insolvency and the appointment of a receiver for a bank or trust company trustee, there is no longer any trustee legally qualified to perform the duties as such, and a vacancy necessarily exists. When a state bank or trust corporation is placed in the hands of a receiver, its capacity to continue to do business and the capacity of its officers and agents to conduct its affairs cease under the provisions of Code section 9239, and thereafter the receiver becomes the managing agent of the insolvent corporation under direction of the court.

An office may not be said to be vacant so long as it is supplied with one legally qualified to exercise the powers and perform the duties thereof, and conversely, it is vacant in the eyes of the law whenever it is unoccupied by a legally qualified in-

cumbent who has a lawful right to continue therein and exercise the duties and perform the obligations incumbent upon such officer. It has been held, under statutes similar to our own, that when a bank or trust company acting as trustee becomes insolvent and is placed in the hands of a receiver that it ceases to function, and fiduciary positions held by it become vacant *ipso facto*. Young v. Bankers Trust Co's., Receiver, 250 Ky 1, 61 S. W. (2d) 904; Sullivan v. Kuolt, 156 Wis. 72, 145 N. W. 210; Wallace v. Guaranty Trust Co., 259 Mich. 342, 243 N. W. 49; Poindexter's Succession, 19 La. Ann. 22; Hebert v. Jackson, 28 La. Ann. 377; Busch v. Schuttler, 216 Ill. App. 212.

It has also been held that abandonment of an office creates a vacancy which may be filled without notice. See Stafford v. Cook, 159 Ark. 438, 252 S. W. 597.

The only purpose of notice to the original trustee of the application for his removal, or the appointment of a successor, is to enable him to deny the existence of the grounds for removal. Failure to give notice cannot affect the validity of the removal when the cause is imperative and the existence of the cause confessed.

In the case under consideration, the insolvent trust company through its board of directors passed a resolution soon after the appointment of a receiver resigning "each and every its office and position aforesaid (fiduciary capacity and relation) and does hereby authorize and empower" the receiver to file such instruments of resignation as may be appropriate in the premises. The resolution further recites that the trust company "hereby renounces all rights, title and interest in and to the real and personal property which is a part of the corpus of the estate or trust to which such successors will succeed," and further authorizes the said receiver to make, execute, and deliver in behalf of the trust company such instrument of transfer and conveyance to successors in trust as may be necessary to carry out the purpose of this resolution. A certified copy of this resolution was delivered to the receiver and by him presented to the court, and the court authorized, by an order, the carrying out of the provisions of the said resolution. Later and more than a year after the appointment of a receiver and after the adoption of the foregoing mentioned resolution the board of directors of the trust company attempted to repudiate and annul the resolution above referred to. The appellant contends, first, that the

action of the board of directors of the trust company in passing the former resolution was invalid for the reason that one of the eight or nine members of the board of directors was not notified of the special meeting in which the said resolution was passed. But the fact remains that the receiver and the court did act under the provisions of the said resolution, and the further important fact exists that for more than a year subsequent to the passage of the resolution the insolvent trust company filed no reports, performed no acts, and made no claim or pretention that it was still acting as trustee in the instant estate. The appellant further contends that the resignation of the insolvent trust company was not acted upon or accepted by the probate court, and therefore no vacancy existed in the office of trustee in the instant case.

An application for appointment of successor trustee was filed soon after the appointment of a receiver and soon after the passage of the first resolution referred to, by Jennie Strasser, the sole beneficiary under the Pauline Strasser trust, and under this application the probate court appointed Davenport Bank & Trust Company as successor in trust of the Pauline Strasser trust. The successor trustee immediately qualified and received from the receiver of the insolvent trust company the assets belonging to the Pauline Strasser trust and has since acted as such successor in trust. We are constrained to hold that the provisions of the statute for the removal of a trustee are directory only, and that where a vacancy exists either by resignation, death, incompetency, or by the appointment of a receiver for the trustee and the taking over of the trust assets by the court through such receiver, that no formal application for removal of such insolvent trustee is necessary; that such action would be a useless and needless action. We further hold that the appointment of a successor in trust upon the application in the instant case was, in effect, a holding that a vacancy in the office of trustee existed and that no formal finding of such fact was necessary. We must bear in mind in this connection that the property of the trust was at all times in custodia legis, that the probate court is but a branch or division of the district court, and that the district court must take notice at all times of its own records, and that the probate court in acting upon the application for the appointment of a successor in trust had before it all of the records referring to the creation of the trust in question, the insolvency of

the trustee, and the appointment of the receiver, and with these records and facts before it we hold that the probate court had jurisdiction and authority to make the appointment of a successor in trust in the instant case. The probate court has jurisdiction to appoint an administrator or trustee when a vacancy exists, as well as to remove an administrator or trustee for cause. The law does not require a useless thing, and when a fiduciary has put it beyond his power to continue to act and has unequivocally indicated that he has abandoned the office and desires to have a successor appointed, it is not necessary that he be formally removed. It is our holding that a vacancy exists in a fiduciary relationship whenever such office ceases to be occupied by one legally qualified to act and perform the duties thereof, and that where a bank or trust company empowered to act under chapter 416 of the Code as trustee, or in any fiduciary capacity, ceases to be legally qualified so to act by reason of insolvency and the appointment of a receiver, a vacancy exists and the affairs of the bank or trust company pass immediately to the control of the district court. Trust funds and estates such as here involved are always under the solicitous care and meticulous attention and supervision of the courts. And with this in mind we are not prepared to hold that under a situation such as here disclosed the appointment of a successor in trust for the American Trust Company was invalid.

We have been greatly aided in the preparation of the opinion and in an understanding of the record in this case by the very careful and painstaking opinion filed by the learned trial court, the Honorable Wm. W. Scott.

It follows from the foregoing discussion that the ruling and judgment of the lower court must be, and it is, affirmed.—Affirmed.

KINTZINGER, C. J., and MITCHELL, HAMILTON, ALBERT, RICHARDS, PARSONS, and POWERS, JJ., concur.