In re Estate of George S. Carson.

United States Fidelity & Guaranty Company, Applicant, v. Davenport Bank & Trust Company et al., Respondents; D. W. Bates, Superintendent of Banking, Receiver, Intervenor.

No. 43167.

March 10, 1936.

Dutcher, Walker & Ries, and Lane & Waterman, for appellants.

H. B. White and Havner, Flick & Powers, and Wilson, Clearman & Brant, for appellees.

KINTZINGER, J.—The American Trust Company of Davenport, Iowa, and Celia Carson were the duly appointed and qualified executors under the will of George S. Carson, deceased, late of Johnson county, Iowa. On July 25, 1931, they were also duly appointed trustees of a trust estate created under said will by the district court of Johnson county, Iowa. They duly qualified as such trustees on October 13, 1931, and filed a surety company bond, signed by the United States Fidelity & Guaranty Company, as surety.

On April 21, 1933, Celia Carson, George S. Carson, Thomas C. Carson, and Burke N. Carson, beneficiaries in said Carson trust estate, filed an application in the district court of Johnson county, alleging that the American Trust Company, one of the trustees under said trust, had been adjudged insolvent by the district court of Scott county, and that a receiver for said trustee had been appointed by said court, "in consequence of which said American Trust Company has become incompetent to act as a trustee under said will, and a vacancy in said trusteeship" existed. Said application also alleged that said Carson will provided that:

"In the event of any vacancy in such trusteeship, * * * the court having jurisdiction of my said estate shall appoint a trustee or trustees, one of whom shall always be corporate and one a natural person."

Said petitioners, therefore, asked that the Davenport Bank & Trust Company of Davenport, which is qualified to act as trustee, be appointed successor trustee to fill the vacancy created by the insolvency of the American Trust Company. At an ex parte hearing upon said application, the district court of Johnson county, on April 21, 1933, entered the following order appointing the Davenport Bank & Trust Company as successor trustee:

"Davenport Bank and Trust Company is hereby appointed trustee to fill vacancy caused by insolvency of American Trust

Company, said trustee to qualify and file bond in the sum of $75,000.00.

"H. D. Evans,
"Judge of the Eighth Judicial District."

Said order was based upon the showing made by the duly verified application filed, and corroborated by the professional statement of the attorneys for the beneficiaries under the trust. Upon its appointment, the Davenport Bank & Trust Company immediately qualified and entered upon the discharge of its duties as successor trustee, and as such secured various orders during a period of more than a year thereafter in relation to the trust and in the receivership proceedings of the American Trust Company in the district court of Scott county, Iowa.

Thereafter, on August 24, 1934, the United States Fidelity & Guaranty Company, surety on the American Trust Company's bond, commenced this action for the cancellation of the appointment of the Davenport Bank & Trust Company, as successor trustee, and for an order requiring such trustee to transfer all assets belonging to said trust to Celia Carson and/or the clerk of the district court of Johnson county, because no notice of the hearing of the application for its appointment was ever given to any persons interested, and because the court had no jurisdiction, and was without authority, to appoint said Davenport Bank & Trust Company as successor trustee.

The hearing on this application was had and submitted to the district court of Johnson county on September 12, 1934, and on October 6, 1934, that court entered an order finding that the American Trust Company had never resigned as trustee; that no vacancy existed in that office; that the order of April 21, 1933, appointing the Davenport Bank & Trust Company successor trustee was without notice, without evidence, without a hearing, without any representation by the American Trust Company, and therefore void and of no force and effect, and ordered the Davenport Bank & Trust Company to deposit all of the assets and records of the Carson trust estate in its hands with the clerk of the Johnson county district court.

Thereafter the Davenport Bank & Trust Company and Celia Carson and other beneficiaries in the trust estate filed an application to reopen the action and order canceling the appointment of the Davenport Bank & Trust Company and permit the

introduction of new evidence thereon. As grounds for this application, they alleged that the American Trust Company was, on the 28th day of December, 1932, declared and adjudged insolvent by the district court of Scott county, Iowa, and that the state superintendent of banking was, by said court, at that time appointed receiver for said American Trust Company; that said American Trust Company had, in fact, resigned and abandoned its office as such executor and trustee of the Carson trust estate by a resolution duly adopted by said American Trust Company on February 20, 1933; that said American Trust Company, by reason of such insolvency, receivership, and resolution, had, in fact, resigned and abandoned its office as executor and trustee of said Carson trust estate, and ceased to perform and discharge its duties as such long prior to the time of the appointment of the Davenport Bank & Trust Company, successor trustee; that the appointment of a receiver for the American Trust Company prior to the appointment of the Davenport Bank & Trust Company, as successor trustee, had rendered it impossible for the American Trust Company to discharge its duties as such trustee; that it had turned over all of the assets of the trust in its hands to the receiver of the American Trust Company, with instructions to transfer the trust assets to the successors appointed by the proper court; that said American Trust Company authorized said receiver to execute and file appropriate resignations of all trust offices held by it; that, while no formal resignation was filed in the Johnson county district court when the Davenport Bank & Trust Company was appointed successor trustee, yet the American Trust Company had, prior to that time, in fact, resigned, abandoned, and vacated its office as trustee of the Carson trust estate; that said American Trust Company, through its receiver, recognized the appointment of the Davenport Bank & Trust Company, as successor trustee, and under an order of the district court of Scott county the receiver turned over and delivered all of the assets of the Carson trust estate in his possession to said Davenport Bank & Trust Company, as successor trustee; that since the appointment of the receiver the American Trust Company has not functioned as a trustee, and has not and does not claim the office of trustee; that it was not resisting the appointment of a successor trustee, had renounced all right to continue as such, was desirous that a successor be appointed, and claims to be incompetent to discharge the duties of that office.

The hearing on the application to reopen was held on November 1, 1934, and on November 6, 1934, the court entered an order refusing to vacate its former order, but modified it by requiring the Davenport Bank & Trust Company to deposit all the assets and records described in the former order with Celia Carson, trustee, to be placed in the vaults in the Iowa State Bank & Trust Company of Iowa City. From such rulings the beneficiaries and the Davenport Bank & Trust Company appeal.

The record on the rehearing shows without dispute that on February 20, 1933, the board of directors of the American Trust Company adopted a resolution resigning each and every trust position held by it, including its trusteeship of the Carson estate, and authorized and empowered the state superintendent of banking, as receiver of the American Trust Company, to execute, deliver, and file with the appropriate person or office, on behalf of the American Trust Company, such instrument of resignation as may be appropriate; that it further resolved, as against any successor in trust, to and did renounce all right, title, and interest in and to all real and personal property, and other assets of the Carson estate, and authorized and empowered such receiver to execute and deliver all necessary instruments to carry out this resolution, and deliver a duly attested copy of this resolution to the receiver.

After its appointment, the Davenport Bank & Trust Company, successor trustee, secured an order from the district court of Scott county, in the receivership proceedings, requiring the receiver to turn over all the assets of the Carson trust estate to it, as successor trustee, which was complied with by the receiver. The record also shows that on the 1st day of November, 1934, the receiver of the American Trust Company filed in the office of the clerk of the district court of Johnson county, Iowa, an instrument showing the resignation hereinabove referred to, and the transfer to the Davenport Bank & Trust Company of all of the assets of the American Trust Company belonging to the Carson trust estate.

As hereinabove stated, the lower court, on the 6th day of November, 1934, refused to reopen the action for the removal of the Davenport Bank & Trust Company, and ordered that company to transfer and deliver all of the assets belonging to the Carson trust estate to Celia Carson, to be placed in the vaults of the Iowa State Bank & Trust Company of Iowa City. The effect

of the lower court's holding was that no vacancy existed in the office of corporate trustee of the Carson trust estate, and that the American Trust Company was still the lawful corporate trustee.

█ █ █ I. Appellants contend that the lower court erred in declaring void the appointment of the Davenport Bank & Trust Company, because the showing made therefor was sufficient to justify the finding that a vacancy existed. They also contend that the court erred in refusing to reopen the case to more definitely establish the existence of a vacancy.

As disclosed by the record hereinabove set out, it appears without conflict that, prior to the time the Davenport Bank & Trust Company was appointed successor trustee, the American Trust Company, the original trustee, had been declared and adjudged to be insolvent, and a receiver therefor had been appointed by the district court of Scott county, Iowa. These facts were alleged in the application for the appointment of a successor trustee, filed by the beneficiaries of the Carson trust estate in the Johnson county district court on April 21, 1933. By reason of such facts, the application alleged the existence of a vacancy in said trusteeship at that time. When this application was heard, it was corroborated by the professional statements of the attorneys for the beneficiaries of the trust estate.

No notice of the hearing of that application was served upon any one, and it is now claimed by appellee that, because of the failure of notice and because no evidence was introduced at the hearing, the court acted without any jurisdiction or authority in appointing a successor trustee, contrary to section 9292 of the Code of 1931. This statute, however, has been held directory only. It has also been held that, in the event of the insolvency of a trustee and the appointment of a receiver therefor, it is thereby rendered incompetent to act, and, under such circumstances, a successor can be appointed upon the application of the beneficiaries of the trust estate without a formal trial, or even without any formal application therefor. In re Strasser's Estate, 220 Iowa 194, 200, 262 N. W. 137, 141. In that case this court said: "* * * the provisions * * * for the removal of a trustee are directory only, and * * * where a vacancy exists either by resignation, death, incompetency, or by the appointment of a receiver for the trustee and the taking over of the trust assets by the court through such receiver, * * * *no formal*

*application for removal of such insolvent trustee is necessary;
* * *"* (Italics ours.)

"It is a doctrine of universal recognition, * * * which are merely declaratory of the general rule of equity, that a trust will never be permitted to fail for want of a trustee, as, * * * where there is no trustee, the court will either administer the trust or appoint a trustee." 65 Corpus Juris, 573, section 339.

The matter of the insolvency of the American Trust Company was called to the attention of the lower court upon the showing made in the application for the appointment of a successor and by the professional statement of the attorneys for the beneficiaries. Upon that showing the district court of Johnson county appointed the Davenport Bank & Trust Company as successor trustee. That company immediately qualified and entered into the discharge of its duties, and continued to act as such without objection by any one from April, 1933, until August, 1934.

We think the principal questions raised in this case have been decided in the case of Strasser's Estate, 220 Iowa 194, 198, 262 N. W. 137, 139, in an able opinion written by Justice Anderson.

In that case it was held that chapters 415 and 416 of the Code of 1931 do not "contemplate that a bank or trust company shall continue to administer trusts or act in a fiduciary relation after it becomes insolvent and a receiver is appointed therefor," and that, "when a receiver is appointed for a bank or trust company, its affairs, *including its relation in the handling of trusts, immediately fall under the direction of the court appointing a receiver. The receiver cannot act as successor trustee permanently, but must retain and conserve the trust funds until successors in trust are appointed.* After the finding of insolvency and the appointment of a receiver for a bank or trust company trustee, there is no longer any trustee legally qualified to perform the duties as such, *and a vacancy necessarily exists. When a state bank or trust corporation is placed in the hands of a receiver,* its capacity to continue to do business and the capacity of its officers and agents to conduct its affairs *cease* under the provisions of Code section 9239, and thereafter the receiver becomes the managing agent of the insolvent corporation under direction of the court." (Italics ours.)

In that case we also held that the provisions of the statute for the removal of a trustee are directory only, "and that where a vacancy exists either by resignation, death, incompetency, *or by the appointment of a receiver for the trustee and the taking over of the trust assets by the court through such receiver, that no formal application for removal of such insolvent trustee is necessary;* and that such action would be a useless and needless action. [Italics ours.] We further hold that the appointment of a successor in trust upon the application * * * was, in effect, a holding that a vacancy in the office of trustee existed and that no formal finding of such fact was necessary."

In the Strasser case we also held that "the probate court has jurisdiction to appoint an administrator or trustee when a vacancy exists, as well as to remove an administrator or trustee for cause. The law does not require a useless thing, and *when a fiduciary has put it beyond his power to continue to act and has unequivocally* indicated that he has abandoned the office and desires to have a successor appointed, it is not necessary that he be formally removed. *It is our holding that a vacancy exists in a fiduciary relationship whenever such office ceases to be occupied by one legally qualified to act and perform the duties thereof, and that where a bank or trust company* empowered to act under chapter 416 * * * as trustee, * * * *ceases to be legally qualified so to act by reason of insolvency and the appointment of a receiver, a vacancy exists and the affairs of the bank or trust company pass immediately to the control of the district court.*" (Italics ours.)

It can hardly be seriously claimed that, if a vacancy in the office of administrator or trustee should be caused by death, the court could not fill the vacancy at an ex parte hearing upon an application similar to that filed in this case.

Under the decision rendered in the Strasser case we are impelled to hold that, where a bank or trust company, acting as trustee, is declared insolvent by the court and is properly placed in the hands of a receiver, it ceases to function as a bank or trust company, and its office as trustee ipso facto becomes vacant. In re Strasser's Estate, 220 Iowa 194, 262 N. W. 137; Young v. Bankers Trust Co.'s Receiver, 250 Ky. 1, 61 S. W. (2d) 904; Sullivan v. Kuolt, 156 Wis. 72, 145 N. W. 210; Wallace v. Guaranty Trust Co., 259 Mich. 342, 243 N. W. 49; Hebert v. Jackson,

28 La. Ann. 377; Poindexter's Succession, 19 La. Ann. 22; Busch v. Schuttler, 216 Ill. App. 212.

At the time the lower court entered its order finding that the appointment of the Davenport Bank & Trust Company was without authority or jurisdiction, the case of Strasser's Estate, supra, had not been decided, or, no doubt, a different result would have been reached.

The cases relied upon by appellees, in support of its contention that there must be notice to all parties interested before an order declaring a vacancy can be entered, relate to cases in which it was sought to remove an administrator or trustee who was still acting and in which he claimed to be rightfully acting. Haddick v. District Court, 160 Iowa 487, 141 N. W. 925, Ann. Cas. 1915D, 278; In re Estate of Bagnola, 178 Iowa 757, 154 N. W. 461, 160 N. W. 228.

Such is not the situation in the case at bar. The American Trust Company does not appear in this action as an adversary. It does not claim to be entitled to continue to act in its former capacity, as trustee. On the contrary, the record shows that it desired to be and was relieved of any further responsibility in connection with the Carson trust estate when it was declared insolvent and a receiver appointed.

It is not contended here that the facts alleged in the original petition for the appointment of the Davenport Bank & Trust Company, as successor trustee, were not true. The record now shows that they were all, in fact, true. In the absence of a dispute in the evidence as to the truth of such facts, we are constrained to hold, under the authority of the Strasser case, that the showing of insolvency made by the verified affidavit in the application for the appointment of a successor trustee, together with the professional statements of the attorneys for the beneficiaries, were sufficient to establish the existence of a vacancy and to authorize the appointment of a successor. Pursuant to the finding that a vacancy existed, the court was not only authorized, but, in the due performance of its duties, was required, to fill it by appointing a successor. It is a matter of common knowledge that orders of a similar nature, based upon a verified petition, are usually made by the district courts without the formality of a trial. As stated in the opinion in Re Strasser's Estate, supra, "the law does not require a useless thing, and

when a fiduciary has put it beyond his power to continue to act * * * it is not necessary that he be formally removed." ·

It appearing from the record without conflict that the statements alleged in the original application for the appointment of the Davenport Bank & Trust Company, as successor trustee, were true, it necessarily follows that there could have been no prejudice to any of the parties interested in this estate. Such being true, the order removing the trustee without notice cannot be disturbed. Seybold v. Riddle, 6 Iowa (Cole Ed.) 585; Hart v. Livingston, 29 Iowa 217. The will of George S. Carson provided that, in case of a vacancy, the district court shall appoint at least one corporate trustee. It necessarily follows, when the existence of a vacancy was brought to the attention of the court, it was imperative that a successor trustee be appointed.

The reasons for holding that a vacancy exists when a trustee has been adjudged insolvent and a receiver appointed are fully discussed in the case of In re Strasser's Estate, 220 Iowa 194, 262 N. W. 137, to which a reference is hereby made. A further consideration of the reasons for such a holding is therefore deemed unnecessary here.

For the reasons hereinabove set out, we are constrained to hold that, upon the showing made, the lower court was justified in appointing the Davenport Bank & Trust Company as successor trustee. It necessarily follows that the lower court erred in declaring such action void.

II. A motion was filed to dismiss the appeal because of an alleged waiver of the right to appeal by reason of the filing of a later application by Celia Carson and Burke N. Carson to appoint the Davenport Bank & Trust Company similar in effect to that contained in the application to reopen the case previously denied.

As an additional reason to dismiss, appellee alleges that the Davenport Bank & Trust Company complied with an order of the district court of Johnson county directing said bank and Celia Carson to transfer all property in their names jointly to the Iowa State Bank & Trust Company and Celia Carson, as trustees of the estate of George S. Carson, deceased.

Without setting out in detail the record in relation to the facts upon which this motion is based, it is sufficient to say that the record fairly shows (1) that there was no consent by any of the appellants to the order of the lower court in removing the

Davenport Bank & Trust Company as successor trustee. The beneficiaries of the Carson trust estate persistently requested the appointment of the Davenport Bank & Trust Company as successor trustee from the beginning. Such beneficiaries, being the persons primarily interested in this estate, naturally believed that their wishes in relation to the selection of a successor trustee would be *recognized*. The record also shows that all of the beneficiaries, parties to this appeal, did not join in the last application requesting the appointment of a successor trustee. As all of the beneficiaries are appellants in this proceeding, it necessarily follows that those not joining in said last application cannot be held to have waived their right to appeal. For these reasons the case is not "moot" as to all the appellants, and must be decided upon its merits.

The record also fairly shows that (2) whatever was done by the appellant Davenport Bank & Trust Company in transferring the assets of the trust estate to Celia Carson and the Iowa State Bank & Trust Company was done as a result of threats made by appellee to prosecute said bank for contempt of court unless such order of court was immediately complied with, and for this reason the case cannot be considered "moot" and should be decided upon its merits.

In any event, the actions of appellants in connection with the matters alleged in the motion to dismiss the appeal do not dispose of all questions raised. It is the settled rule of law in this state that an appeal does not present a moot case unless it disposes of all questions raised therein. Horan v. Horan, 203 Iowa 495, 211 N. W. 249; Hanes v. See, 175 Iowa 67, 156 N. W. 852; Boone v. Boone, 160 Iowa 284, 137 N. W. 1059, 141 N. W. 938; Sample v. Collins, 81 Iowa 23, 46 N. W. 742; Sanford v. First National Bank, 94 Iowa 680, 63 N. W. 459; Gilbert v. Adams, 99 Iowa 519, 68 N. W. 883; State ex rel. Coolsaet v. City of Veblen, 56 S. D. 394, 228 N. W. 802.

The motion to dismiss is therefore overruled.

For all of the reasons hereinabove given, the judgment of the lower court is hereby reversed, and the same is remanded for a judgment and decree in harmony herewith.—Reversed.

DONEGAN, C. J., and ALBERT, PARSONS, RICHARDS, HAMILTON, ANDERSON, and STIGER, JJ., concur.