D. W. BATES, Superintendent of Banking, Receiver of American Trust Company, Petitioner, v. H. D. EVANS, Judge of Johnson District Court, Respondent.

No. 44560.

MARCH 7, 1939.

OPINION MODIFIED AND REHEARING DENIED DECEMBER 12, 1939.

Fred D. Everett, Attorney General, Edward A. Doerr, and Realff Ottesen, for petitioner.

Havner, Flick & Powers, H. B. White, and Wilson, Clearman & Brant, for respondent.

STIGER, J.—A writ of certiorari brings to this court for review two orders of respondent judge of the district court of Iowa in and for Johnson county, entered May 16, 1938 and June 16, 1938, commanding petitioner, D. W. Bates, as receiver of the American Trust Company of Davenport, Iowa, appointed

by the district court of Iowa in and for Scott county, to make a full and complete report to the Johnson county district court of all the acts and doings of the American Trust Company from June 1, 1932, to the date of the orders, said trust company prior to its insolvency having been one of the trustees under the will of George S. Carson, deceased, which was admitted to probate by said court on April 13, 1929.

The American Trust Company of Davenport, Iowa, was appointed by the district court of Iowa in and for Johnson county as co-executor and co-trustee with Celia Carson under the will of George S. Carson, deceased. The United States Fidelity and Guaranty Company is surety on the bond of said executors and trustees. On December 28, 1932, on the petition of L. A. Andrew, Superintendent of Banking, filed in the Scott county district court, the American Trust Company, a banking corporation, was declared insolvent and L. A. Andrew was appointed receiver for the purpose of taking possession of the property of the corporation and winding up its affairs. On June 30, 1933, petitioner, D. W. Bates, succeeded L. A. Andrew as Superintendent of Banking and receiver.

Petitioner, under the decree of the Scott county district court, took possession of the property of the corporation including all the trust property held by the American Trust Company as trustee of the estate of Carson.

On April 21, 1933, the Davenport Bank and Trust Company was appointed successor trustee to the insolvent American Trust Company by the Johnson county district court. The successor trustee filed an application in the receivership proceedings pending in the Scott county district court for the delivery to it by the receiver of securities and other personal property belonging to the Carson trust. The application was granted and petitioner surrendered to the trustee all the trust property. The successor trustee then made a report to the Johnson county district court showing the receipt of the assets of the trust from the receiver which report was approved on March 17, 1934, and was exonerated and relieved from the duty of taking any further action for the collection of assets of the trust or prosecution of claims against the American Trust Company or its surety.

In November 1934, two years after the appointment of a receiver, the American Trust Company, pursuant to an order

of the district court of Johnson county, acting through its officers, and not through its receiver, filed in the Carson trusteeship, pending in said court, its final report covering the period from June 1, 1932 to November 30, 1934.

The successor trustee and persons interested in the trust filed objections to the report, and, in connection with proceedings on said objections, the United States Fidelity and Guaranty Company secured the two orders from the respondent which constitute the source of this litigation directing the receiver to file a report for the American Trust Company and account for its actions.

Though all trust property claimed by the trustees had been delivered to them by petitioner in September 1933; though the trustees had reported their possession of this property to the Johnson county district court and had been relieved by said court from taking further action for the collection of trust assets; though the trustees are not claiming there are trust assets in the possession of the receiver; though Celia Carson, as co-trustee, filed her report in August 1935, on the application of the guaranty company, covering a period from June 25, 1932 to July 17, 1935, and the Davenport Bank and Trust Company, trustee, filed its report March 5, 1934, which reports accounted for all the trust property delivered by petitioner as receiver, and which reports have been approved, and though petitioner has not purported to act as trustee in the Carson trust, the guaranty company in its petition to require the receiver to report and account, states that:

"No final determination of this matter (objections to final report of the American Trust Company) can be had until there has been a report filed by D. W. Bates, Superintendent of Banking, as receiver for the American Trust Company of Davenport, Iowa, and there can be no final determination of the rights of the parties (trustees and beneficiaries under the will of Carson) who have filed the objections to the final report of the American Trust Company filed November 30, 1934 until there has been a report filed by the said D. W. Bates."

The application further states:

"This applicant holds an indemnifying agreement from the American Trust Company upon which the Receiver of the

American Trust Company would be liable if there is any liability for any alleged wrongful acts as set out and referred to in the objections filed by the Davenport Bank & Trust Company and Celia Carson, the present trustees under the will of George S. Carson, deceased, and by Celia Carson, George S. Carson, Thomas C. Carson, Burke N. Carson and Frank Carson, personally, as the beneficiaries of said trust, and, to the end that all parties in interest may be parties to this record, it is necessary that the Receiver of the American Trust Company be ordered and required by this Honorable Court to make his report and accounting as such Receiver.''

We are unable to perceive on what theory the petitioner is a necessary party in interest and is indispensable to ''a final determination of the rights of the parties who filed objections to the final report of the American Trust Company'', that is, the trustees and beneficiaries.

The first order of respondent dated May 16, 1938, commanding petitioner to report was made without notice or hearing. After petitioner had been served with notice of said order, he, under the authority of the Scott county district court, made a special appearance in the Johnson county district court for the sole purpose of questioning the jurisdiction of the court to order him, as receiver, to report and account for the American Trust Company and asked that the order be revoked. The guaranty company filed a resistance, a hearing was had, and respondent, on June 13, 1938, overruled the special appearance of petitioner who was ordered to comply with the order of May 28, 1938 by June 30, 1938. Respondent stated in his order of June 13 that the property and assets in the Carson estate and trusteeship ''were in the custody of the District Court of Iowa in and for Johnson County at the time the receiver was appointed for the American Trust Company and at the time such receiver took possession of such property and assets. * * *. It is ordered that the special appearance of D. W. Bates, receiver, be and the same is hereby overruled''.

The petitioner then commenced this proceeding in Certiorari.

I. Respondent's first proposition offered to sustain his jurisdiction is as follows:

''D. W. Bates, Superintendent of Banking, as Receiver of the American Trust Company, appeared in the District Court

of Iowa, in and for Johnson County, and filed a pleading which contained affirmative allegations and asked to set aside the order of May 16, 1938, and plaintiff offered evidence in support of his affirmative allegations, and by such appearance conferred jurisdiction on the District Court of Johnson County, Iowa, to make and enter the order of June 13, 1938.''

The substance of petitioner's application to revoke the orders is that he was not an executor, trustee or any other officer of the Johnson county district court and had possession of the trust property as receiver of the district court of Scott county; that he had not acted as trustee of the Carson trust, but on the contrary, as receiver of the American Trust Company, he had recognized the appointment of the Davenport Bank and Trust Company as successor trustee and had delivered to said trustee, on its application, all trust property in his possession claimed by said trustee, said delivery being made pursuant to an order of the district court of Scott county; that the respondent was without power, authority or jurisdiction to command him to report and account to said court as trustee or executor under the will of George S. Carson, deceased, or any other capacity; that he had no notice of the application of the guaranty company for the order requiring him to make a report and had no opportunity to be heard thereon and appeared for the sole purpose of attacking the jurisdiction of the court. The evidence introduced at the hearing by petitioner was in support of his special appearance.

We are of the opinion that the petitioner in his pleading and at the hearing attacked the jurisdiction of the respondent to make the order of May 16, 1938 and did not make a general appearance. The prayer of the application to revoke and annul the said order was based solely on the ground of want of jurisdiction of respondent and did not constitute a general appearance.

II. Another proposition on which respondent relies to sustain his order is in the following language:

''It was the duty of the receiver for the American Trust Company, petitioner in the action, to take possession of all the assets of the trust which were in the possession of the American Trust Company of Davenport, Iowa, either as executor or as trustee in the Carson estate, and to hold said assets, and to con-

tinue to act for and on behalf of the American Trust Company in such capacity in the conserving of said assets, until a successor was appointed, both as executor and as trustee.''

The legal propositions relied on by respondent are disclosed by the following statements in his brief and argument:

''The United States Fidelity & Guaranty Company contended in the court below, that inasmuch as this court had held in In Re Strasser's Estate, 220 Iowa 194, 262 N. W. 137, 102 A. L. R. 117, and In Re Carson's Estate, 221 Iowa 367, 265 N. W. 648, that when a state bank or trust corporation is placed in the hands of a receiver, that its capacity to continue to do business and the capacity of its officers and agents to conduct its affairs ceases, and that the receiver who is appointed becomes the managing agent of the insolvent corporation, that by reason of this rule the receiver took the place, until a successor was appointed, of the original co-executor and co-trustee, and as such became an officer of the court in which the trust was pending, and subject to the same orders as his predecessor in office.

''Certainly, when a Receiver takes property that is within the jurisdiction of the District Court of Iowa, in and for Johnson County, and takes possession of records which are, under the law, within the jurisdiction of the District Court of Johnson County, Iowa, he cannot refuse to report to the District Court of Iowa, in and for Johnson County, as to ·his acts and doings and as to the acts and doings of his predecessor, because he must act for and in the place of the American Trust Company, for, under the rule as heretofore argued, no one who was an officer of the American Trust Company, or the American Trust Company, itself, after it was placed in the hands of a receiver, has a right to do anything with reference to the trusts in which it was interested prior to the appointment of the receiver.''

In brief, respondent's contention is that when petitioner was appointed receiver the trust property was in the jurisdiction of the Johnson county district court because the trust was being administered in said court and that upon the appointment of the receiver he succeeded the American Trust Company as executor and trustee until a new trustee was appointed by the district court of Johnson county. Respondent further

states in his argument "no orders which the District Court of Scott County could make could deprive the District Court of Johnson County of the jurisdiction which it had over the assets belonging to such executorship or such trusteeship or the records which had been kept in connection therewith. The receiver held property over which the District Court of Iowa in and for Johnson County had complete and full jurisdiction, namely, property belonging to the executorship and property belonging to the trusteeship in the Carson Estate".·

We do not agree with the respondent's conception of his jurisdiction over the property or the petitioner. The fallacy of his position lies in the assumption that tho a receiver was appointed by the Scott county district court to take possession of all the property of the American Trust Company, which necessarily included all property held in trust, the Johnson county court retained exclusive jurisdiction over the trust property and that the possession of the receiver of the trust property was the possession of an officer of the Johnson county district court and directly responsible to said court.

Code section 9239, found in chapter 415, 1935 Code, on banks and trust companies, provides that when the Superintendent of Banking is appointed receiver of a state bank "its affairs shall thereafter be under the direction of the court".

When petitioner was appointed receiver for the insolvent trustee, all property in his possession, including the property belonging to the Carson trust, was in custodia legis, that is, was in the custody of the Scott county district court. The petitioner was an officer, an arm of said court, holding possession of the property for the benefit of whomsoever would ultimately become entitled to it as determined by said district court. The jurisdiction of the Johnson county district court over the trust property temporarily yielded to the jurisdiction of the Scott county district court which had the legal custody of the property as a court of equity and whose duty it was, under proper application to said court, to order its receiver to surrender the property to the party rightfully entitled thereto. The Davenport Bank and Trust Company is a qualified and acting trustee in the Carson trust, appointed by the Johnson county district court, and is entitled to all said trust property. This successor trustee had, at a prior time, been recognized as such trustee by the Scott county district court which on appli-

446

cation of said trustee had ordered its receiver to deliver to the trustee all property claimed by it in its petition to said court. The possession of petitioner is the possession of the Scott county district court and said court has the right to the custody of the trust property until released to the person found entitled thereto by said court. See generally on this issue, State Central Savings Bank v. Fanning Ball-Bearing Chain Co., 118 Iowa 698, 92 N. W. 712; First National Bank v. White Ash C. Co., 188 Iowa 1227, 176 N. W. 287, 12 A. L. R. 286; Andrew v. Citizens State Bank, 203 Iowa 345, 212 N. W. 745, 51 A. L. R. 906; Hannon v. Mechanics Building & Loan Association, 177 S. C. 153, 180 S. E. 873, 100 A. L. R. 928; Union National Bank v. Bank of Kansas City, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341; 1 Clark on Receivers, 2d Ed., 756.

"Possession of the res by the court (appointing Court) gives such court jurisdiction over the res and gives such court exclusive jurisdiction to hear and determine all controversies affecting title, possession and control of the property. Another court must respect such jurisdiction and possession, but such other court is at liberty to entertain another cause concerning the same subject matter so long as it does not oust the appointing court from possession of the res, or control of management of the same, or interfere with the disposal of the same in the manner appropriate to the cause there entertained." 1 Clark on Receivers 2d Ed., 748.

"The court having the possession, custody and control over the property in its hands by reason of its appointment of a receiver must have exclusive jurisdiction as to such possession, custody and control, and such property and the control and management of the property is thereby withdrawn from the jurisdiction of all other courts. And the appointing court has during the continuance of its possession and control, as incident thereto and as ancillary to the suit in which possession was acquired, jurisdiction to hear and determine all questions respecting the title, possession or control of the property." 1 Clark on Receivers 2d Ed., 752.

"The custody of property by the court through its receiver is the custody of the sovereign power or government acting through the courts. Possession by the court of the res gives jurisdiction over the res to the court appointing the receiver

and gives such court power to determine all questions concerning the ownership and disposition of this property. No other court can interfere with the possession of the res.'' 1 Clark on Receivers 2d Ed., 753.

Petitioner's duty to report and account is solely to the Scott county district court and he was not subject to the command of the Johnson county district court to report and account to it for the insolvent trustee.

The cases of In re Estate of Strasser, 220 Iowa 194, 262 N. W. 137, 102 A. L. R. 117, and In re Estate of Carson, 221 Iowa 367, 265 N. W. 648, cited by respondent, do not sustain his orders, but do sustain the contentions of the petitioner. These cases hold in substance that the appointment of a receiver for an insolvent testamentary trustee necessarily creates a vacancy in the office of trustee and, pending the appointment of a successor, the custody of the property is in the possession of the court appointing the receiver.

In the Strasser case, supra, the court states on page 198, 262 N. W. on page 139:

"When a receiver is appointed for a bank or trust company, its affairs, including its relation in the handling of trusts, immediately fall under the direction of the court appointing a receiver. The receiver cannot act as successor trustee permanently, but must retain and conserve the trust funds until successors in trust are appointed. After the finding of insolvency and the appointment of a receiver for a bank or trust company trustee, there is no longer any trustee legally qualified to perform the duties as such, and a vacancy necessarily exists. When a state bank or trust corporation is placed in the hands of a receiver, its capacity to continue to do business and the capacity of its officers and agents to conduct its affairs cease under the provisions of Code section 9239, and thereafter the receiver becomes the managing agent of the insolvent corporation under direction of the court.''

Language used in the opinion in the Strasser case which respondent construes as favorable to his cause are the statements of the court that "the receiver cannot act as *successor trustee permanently* but must retain and conserve the trust

funds until successors in trust are appointed'', and when a corporation is placed in the hands of a receiver, ''the receiver becomes the managing agent of the insolvent corporation under direction of the court''. The words ''receiver cannot act as successor trustee permanently'' must be construed with the immediately prior sentence which states that the affairs of the bank fall immediately under the direction of the court appointing a receiver and the court clearly means that the receiver holds the property as an officer of the court appointing a receiver for the purpose of conserving it until successors in trust are appointed, and not as an officer of the court which appointed the insolvent trustee. The respondent's construction of the statement that ''the receiver becomes the managing agent of the insolvent corporation under the direction of the court'' to mean that the receiver becomes an active trustee as successor of the insolvent trustee is without merit.

We hold that the respondent exceeded his jurisdiction and acted illegally in ordering petitioner to report and account for the insolvent trustee.

III. Respondent further contends that there never was any successor appointed for the American Trust Company as executor of the estate of George S. Carson, deceased, and, there never having been such successor appointed, the only person who was authorized to, and who had the right to answer for its acts and conduct, and to account to the probate court having jurisdiction over the res of the Carson estate, was the receiver for the American Trust Company, the petitioner in this action. This is not an accurate statement. In an order made by Judge Popham in the Carson estate on July 21, 1931, with the exception of property in New Mexico and Minnesota, the executors were discharged and the affairs of the estate ordered conducted by the trustees under the trust provisions of the will. But if the claim were true it would not justify the orders complained of by petitioner.

IV. It is unecessary for us to consider other propositions urged by respondent. This is not a case of a suit against a receiver appointed by one court to establish a liability against its insolvent in another court nor of a claim filed against the receiver in the receivership. No attempt was made to call pe-

titioner as a witness in the probate proceedings on the objections of the final report of the American Trust Company.

The writ is sustained.—Sustained.

HAMILTON, BLISS, HALE, MILLER; OLIVER, and SAGER, JJ., concur.