WALLACE *v.* GUARANTY TRUST CO.

1. MORTGAGES—FORECLOSURE BY RECEIVER OF TRUSTEE—JURISDICTION—TRUSTS.

Where trust company was in hands of receiver and therefore unable to function, court had jurisdiction to authorize receiver to foreclose mortgage under which trust company was trustee, and to take necessary action to preserve and protect trust assets during liquidation (3 Comp. Laws 1929, § 12028).

2. SAME—FORECLOSURE BY BONDHOLDER.

Where court had authorized foreclosure of mortgage by receiver of trust company, trustee under mortgage, bondholder had no right to foreclose mortgage.

3. SAME—APPOINTMENT OF SUCCESSOR TRUSTEE—JURISDICTION.

In receivership proceedings against trust company, trustee under mortgage, where receiver resigned and petitioned for appointment of successor trustee, court had jurisdiction to make said appointment after giving notice to interested parties and furnishing them opportunity to be heard (3 Comp. Laws 1929, § 12028).

Appeal from Wayne; Lamb (Fred S.), and Moynihan (Joseph A.), JJ., presiding.   Submitted January 19, 1932.   (Calendar No. 36,167.)   Decided June 10, 1932.   Rehearing denied September 14, 1932.

Bill by Amanda C. Wallace against Guaranty Trust Company, a Michigan corporation, and others to foreclose a trust mortgage.   Cross-bill by Detroit Trust Company, a Michigan corporation, receiver of defendant Guaranty Trust Company, to foreclose the same trust mortgage.   Plaintiff appeals from order denying motion to dismiss cross-bill and from order appointing Union Guardian Trust Company as successor trustee.   Affirmed.

*Donald A. Wallace* (*Joseph H. Clark,* of counsel), for plaintiff.

*Abram W. Sempliner* (*Jason L. Honigman,* of counsel), for defendant Detroit Trust Company.

*Bulkley, Ledyard, Dickinson & Wright* (*Charles H. L'Hommedieu, John G. Garlinghouse,* and *H. R. Martin,* of counsel), for Union Guardian Trust Company, successor trustee.

*Monaghan, Crowley, Reilley & Kellogg,* for bondholders' protective committee.

*Clark, Klein, Ferris & Cook* and *Edward D. Quint, amici curiæ.*

McDONALD, J.   The first question to be considered in this appeal is:   Which of the parties, the plaintiff, Wallace, or the defendant Detroit Trust Company, has the right to foreclose a trust mortgage given by Jack Golden to the Guaranty Trust Com-

pany of Detroit to secure a bond issue of $15,000?
When Mr. Golden defaulted, the Guaranty Trust
Company, trustee, was in the hands of the Detroit
Trust Company as receiver, appointed by the circuit
court on application of the State banking commis-
sioner under 3 Comp. Laws 1929, § 12028.  In an
order subsequently made by the court the receiver
was given authority to foreclose the trust mortgage
and to take such other action as was necessary to
preserve the trust property while the business of the
trustee was being liquidated.  So the Detroit Trust
Company claims the right to foreclose by virtue of
an order of the court.  The plaintiff bases her right
to foreclose on a provision of the trust mortgage
which provides that a bondholder may enforce the
mortgage in case of refusal or failure or inability
of the trustee to act.  The question arose on motion
to dismiss a cross-bill filed by the Detroit Trust
Company in an action brought by the plaintiff to
foreclose the mortgage.  When the plaintiff filed her
bill, the court made an order permitting her to add
the Detroit Trust Company, receiver, a party de-
fendant to the suit.  The receiver filed an answer
and cross-bill in which it denied the·right of the
plaintiff to maintain her suit, and, as affirmative
relief, prayed for the foreclosure of the mortgage.
The plaintiff moved to dismiss the cross-bill on the
ground that it alleged no interest in the subject-mat-
ter and showed no right to foreclose the mortgage.
The motion was denied, and the plaintiff appealed.

Subsequent to the proceedings above related, the
Detroit Trust Company resigned from the trust, and
the court appointed the Union Guardian Trust Com-
pany a successor trustee to the Guaranty Trust
Company.  From this order the plaintiff also ap-
pealed.  Both appeals are heard together in this

court on the same record and will be disposed of in one opinion.

The questions involved require a consideration of equity jurisdiction over trusts as applied to the following facts: The Guaranty Trust Company of Detroit, trustee, had become insolvent. On application of the banking commissioner the Detroit Trust Company had been appointed receiver to liquidate its affairs. As such it was doubtful of its authority in respect to the execution of the trust. There was default in payments of principal and interest on the mortgage, and other trust matters required attention. The bondholders had taken no action. The trustee could not act. It was still trustee, but could not function because it was insolvent and its property and business were in the hands of a receiver. No one interested was making any move to protect and preserve the trust property. Confronted with this situation, the receiver petitioned the court for authority to act temporarily in place of the trustee in its trust capacities. The court made an order in accordance with the prayer of the petition believing, as he said, that such action was ''necessary and desirable for the orderly and gradual closing and liquidation of the business and assets of said Guaranty Trust Company of Detroit, and for the protection and preservation of the assets and interests of the various trusts in possession and control of said Guaranty Trust Company of Detroit as trustee,'' etc. The order was to continue operative until the further order of the court or for such time as was reasonably necessary to liquidate the business of the trustee.

The validity of this order presents the question involved in the first appeal. It is contended that the court had no jurisdiction to make the order on peti-

tion of the receiver in the suit brought by the banking commissioner; that all the jurisdiction it had in that case was derived from the statute which conferred special and limited jurisdiction only, and that no power was given the court to vest the receiver with the fiduciary capacities of the insolvent trustee.

We cannot agree with this contention. The statute directed the banking commissioner to apply to a court of "competent jurisdiction" for the purpose of accomplishing an orderly and complete liquidation of the trust business. In conferring this jurisdiction on the court, the legislature intended that there should go with it the power to do every thing incidentally necessary to accomplish the purpose of the statute. Having in obedience to the statute taken over the custody and control of the trust company and all of its business and property, the court could not ignore the fact that it was necessary to take some action to preserve and protect the trust assets during liquidation. For this purpose it might have appointed a new trustee, but it chose the simpler course of temporarily vesting the trustee's power in the receiver. In this it did not exceed its jurisdiction. We do not say that, if not prohibited by the statute, the court could not have applied its general jurisdiction so far as applicable to protect the trusts. But that question we need not discuss. We only hold that the court had jurisdiction by intendment of the statute to order the receiver to protect the trust property during liquidation. If it had not such jurisdiction, the purpose of the statute might be defeated and the legislature did not intend such a result.

The court took upon itself temporarily the execution of the trusts. It designated the receiver, already an officer of the court, to act for it and under

its direction. We think its authority cannot rightly be questioned.

Nor is there any doubt as to the right of a bond-holder to act when the trustee refuses, fails, or is unable to do so. The theory upon which the bond-holders are given the right to sue is that they have no other means of redress. In the instant case, when the plaintiff filed her bill to foreclose the mortgage, the court had already taken over the execution of the trust and had directed the receiver to foreclose. It was not necessary for her to take any action. In view of the existing circumstances, she had no right to file her bill. The court did not err in refusing to grant her motion to dismiss the receiver's cross-bill.

The question in the second appeal involves the authority of the court to appoint a successor trustee in the receivership case so-called.

The trust instrument made no provision for a *modus operandi* in case of the trustee's inability to function. The receiver who had been authorized to act for the trustee resigned its trust and petitioned the court to appoint the Union Guardian Trust Company as successor trustee. This was done, and it is claimed that the court had no authority to make the appointment.

The right and duty of the court in the exercise of its general equity jurisdiction to appoint a successor trustee is not questioned; but it is claimed that this can only be done in an independent proceeding instituted by bill of complaint. In support of this contention, *Ledyard's Appeal,* 51 Mich. 623, is cited and relied on. In that case it was held that proceedings to appoint a successor trustee must be instituted by bill of complaint instead of by petition, so that all parties interested could be brought in, and, unless this was done, the court acquired no jurisdiction.

There is no statute or rule of court governing the practice. We assume that any proceeding by whatever name it may be called which requires notice to the parties concerned and furnishes them an opportunity to be heard is sufficient to give the court jurisdiction. That course was followed in the instant case. When the petition for the appointment of a successor trustee was filed, the court issued an order to show cause why the resignation of the receiver from the trust should not be accepted and a suitable person appointed as successor trustee. The order provided for substituted service by publication in the Detroit Free Press and for personal service by mail. Publication was had as directed and copies of the order to show cause were mailed to all persons who were shown in the books and records of the original trustee to be interested. The plaintiff had notice, appeared, and was heard. The bondholders' protective committee appeared by counsel and consented to the proposed action. We think these proceedings were in substantial compliance with the practice approved in *Ledyard's Appeal, supra,* and gave the court jurisdiction to appoint the successor trustee.

What we have said as to the jurisdiction of the court to vest the receiver with temporary authority to administer the trusts applies as well to its jurisdiction to appoint a new trustee, with the difference that, in the matter of appointing a new trustee, all parties having any interest are entitled to be heard and must have notice. In both instances the jurisdiction was granted by implication because the action taken by the court was necessary to the full exercise of the power expressly granted by the statute. It was necessary in order to conserve the trust property and protect the rights of interested parties

during the liquidation to clothe the receiver with the fiduciary capacities of the trustee who was unable to function. It was later necessary to appoint a new trustee. In the action taken, the court exercised proper and necessary jurisdiction.

The orders appealed from are valid, and are hereby affirmed, with costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.