THE STATE EX REL. E. W. BANISTER, Receiver of SKINKER-NORTHWOOD INVESTMENT COMPANY, a Corporation, and FRED SCHMITT CONTRACTING COMPANY, a Corporation, Relators, v. S. L. CANTLEY, Commissioner of Finance of the State of Missouri; HANS WULFF, Special Deputy Commissioner of Finance in Charge of the FIDELITY BANK & TRUST COMPANY; MOSES HARTMANN and ALBERT D. NORTONI, Judges of the Circuit Court of the City of St. Louis.—52 S. W. (2d) 397.

Court en Banc, June 15, 1932.

*R. H. McRoberts* and *Earl Seesman* for relators.

946

*Leahy, Saunders & Walther* for respondents.

WHITE, J.—The Fidelity Bank & Trust Company, a Missouri Corporation, October 2, 1931, by resolution of its Board of Directors was placed in the hands of the Finance Commissioner of Missouri.

The Commissioner, S. L. Cantley, who took charge October 23, 1931, placed Special Deputy Commissioner, Hans Wulff, in charge and Wulff was in charge at the time of filing the petition for prohibition here.

May 1, 1929, relator Skinker-Northwood Investment Company executed a first deed of trust conveying to the Fidelity Bank & Trust Company, as trustee, certain real estate described in the relator's petition to secure an issue of six per cent gold bonds amounting to $670,000 and that deed of trust was in force at the time the said Fidelity Company was placed in charge of the Finance Commissioner.

Relator, Fred Schmitt Contracting Company, was the owner and holder of one of the first mortgage bonds secured by said deed of trust. The deed of trust provides:

"In the event of the death, resignation, disqualification or any other inability or incapacity of said Fidelity Bank & Trust Company, when and while its services shall be required under any provisions hereof, J. U. Menteer of the City of St. Louis, State of Missouri, shall be and is hereby appointed its successor in trust created hereby, and in the event of the death, resignation, sickness, refusal, disqualification or any other inability or incapacity of said J. U. Menteer, his successor in trust, when and while his services shall be required under any provision hereof, Wm. Brace, of the City of University City, State of Missouri, shall be and hereby is appointed second successor in the trust created hereby. Said J. U. Menteer or Wm. Brace, or either or both of them as such successors in trust, shall have identically the same title to said premises and the same rights, powers and duties as are hereby vested in or imposed upon said Fidelity Bank & Trust Company."

The deed of trust further provides:

"In case at any time said trustee or any successors in trust hereunder shall fail or refuse to act, resign, or be removed or otherwise become incapable of action, a successor may be appointed by the holder of the majority in amount of the bonds then outstanding, and an instrument signed by such bondholders and recorded in the office of said Recorder of Deeds, but in case no such appointment shall be made by the bondholders within ten (10) days after the occasion for such appointment has arisen, a new trustee may at any time thereafter be selected and appointed by any court of competent jurisdiction in the premises upon the application of the grantor or of the holders of any of the bonds hereby secured upon such notice as said court shall direct. Such new trustee if appointed by order of court, shall in all cases be a trust company with a capital and surplus aggregating at least one million dollars ($1,000,000)."

February 24th and again February 26, 1932, Special Deputy Commissioner Hans Wulff filed in the Circuit Court of the City of St. Louis in the case entitled "In re Liquidation of the Fidelity Bank & Trust Company" five applications for orders to continue to act as trustee in various deeds of trust in substantially the same form as that in which the Fidelity Bank & Trust Company was made trustee, and in each of said cases the said circuit court entered the order prayed for and, it is alleged, proposes and threatens to make a similar order with respect to the deed of trust of the said Skinker-Northwood Investment Company.

948

Relator E. W. Banister, March 10, 1932, was appointed receiver of the Skinker-Northwood Investment Company, and as such appears for it in this case.

Relator, E. W. Banister, Receiver of Skinker-Northwood Investment Company, March 12, 1932, filed in said Circuit Court of the City of St. Louis, Missouri, and in the cause entitled "In re Liquidation of Fidelity Bank & Trust Company," a motion to set aside · said orders authorizing respondent, Hans Wulff, Special Deputy Commissioner of Finance, to continue to act as trustee in said deeds of trust. Honorable MOSES HARTMANN, the judge presiding in said Division No. 1 of said Circuit Court, after argument and submission of said motion, indicated that he would overrule said motion of relator.

Another motion looking to the same end was overruled by Judge NORTONI, respondent.

Whereupon E. W. Banister, Receiver of the Skinker-Northwood Investment Company, and Fred Schmitt Contracting Company, owner of one of the bonds secured by said deed of trust, bring this proceeding to prevent Hans Wulff, Deputy Commissioner of Finance, from exercising the functions of trustee in said deed of trust.

I. It is claimed by relators that the Finance Commissioner has no authority to assume and discharge the functions of trustee with which the Fidelity Bank & Trust Company was invested by the deed of trust.

█ The functions of the Finance Commissioner, like any other official, are limited to the powers and duties imposed upon him by the statute which creates the office. [46 C. J. 1031; State ex rel. Bradshaw v. Hackmann, 276 Mo. 600, 208 S. W. 445; Lamar Township v. City of Lamar, 261 Mo. l. c. 189, 169 S. W. 12.]

An official such as the Finance Commissioner has no implied powers except such as are necessary to the effective discharge of the powers expressly conferred. [46 C. J. 1032.]

█ Section 5316, Revised Statutes 1929, provides that whenever the examination of the Finance Commissioner or one of his deputies shows that a private bank is insolvent or that its continuance in business shall jeopardize the safety of its depositors or other indebtedness he is authorized to take charge.

Under Section 5319, Revised Statutes 1929, the Commissioner shall hold such possession until the affairs of the bank are finally liquidated by him, unless circumstances mentioned arise under which he may surrender such possession.

Section 5330 provides that the Commissioner is authorized, upon taking possession of the property and business of such corporation, "to liquidate the affairs thereof and to do all acts and make such

expenditures as in his judgment was necessary to conserve its assets and business.''

He can proceed to collect the debts, sell or compound all bad or doubtful debts, compromise claims, other than deposit claims, upon such terms as the court shall direct; he may sell or dispose of any or all of the real estate or personal property of such corporation.

Section 5332 provides that he may prosecute and defend all actions and legal proceedings necessary in the performance of his duty; he may execute, acknowledge and deliver any and all assignments, bills of sale, releases, etc., necessary and proper to effectuate any sale, lease or transfer of real or personal property, and carry into effect any power or duty imposed upon him.

It is thus seen that the general purpose of placing any financial corporation in the hands of the Finance Commissioner is to liquidate its affairs. To liquidate means to adjust, to reduce to precision in amount; to ascertain the balance due and to whom payable; to clear up; to pay and settle; to satisfy. A number of other expressions of similar import are used to define ''liquidate.'' [37 C. J. 1263-4.]

■ II. The Finance Commissioner, however, assumes, and respondent contends, that under the powers granted him he may succeed to the functions exercised by the Fidelity Bank & Trust Company, as trustee in said deed of trust. It is asserted that mere insolvency does not disqualify a trustee. If the mere insolvency does not disqualify the Fidelity Company to act as trustee then it may act, and the Finance Commissioner cannot take upon himself the duties which the corporation can still discharge. But the contract, the deed of trust by which the trust is created, controls that matter. Successive substitute trustees are appointed in the event of the death, resignation, disqualification or any other inability or incapacity of the said Fidelity Bank & Trust Company to act. The Finance Commissioner, by filing his motion to have an order of court authorizing him to perform the trust, admits that the Fidelity Bank & Trust Company can no longer act by reason of disqualification or inability. If the Finance Commissioner by virtue of being placed in charge, steps into the place of the Fidelity Bank & Trust Company and is authorized to perform all its functions as if it were a going concern, no court order was needed. If the Commissioner must have an order of court to authorize him to discharge a trust committed to the Fidelity Company, then his right to perform that trust must arise from the letter of the statute which gives him his power or it must arise from the powers necessarily implied in order that he may carry out the duties imposed. His duties are to liquidate the affairs of the bank in his charge. ■ There is nothing in the statute which authorized him to continue its business. He is not authorized to make

loans, to extend credits, or to perform any of the functions of the finance corporation in his charge in the regular conduct of its business except as adjustments and collection of its debts and the disposition of its property are necessary for the purpose of paying its creditors. The execution of a trust in a deed of trust is not at all necessary to that purpose. If it were a debt due the corporation of which he has charge, or if it were a debt which that corporation owed, he certainly would have some duty with respect to it. But the particular debt secured by the deed of trust is one in which he has no concern in the settlement of the financial corporation in his charge.

It is suggested by respondents in their argument that during the period of liquidation there might be some foreclosures and commissions accrue to the trustee in such deeds of trust which would be for the benefit of the creditors. Such commissions are not debts due the bank of which the Commissioner has charge. They are assets contingent upon the future service to be rendered. The commission is an asset in case there is a foreclosure. The Fidelity Company, by virtue of being in charge of the Finance Commissioner cannot earn that commission any more than it could loan money and gain assets by the interest on it. The deed itself expressly provides that in such a contingency other persons named shall discharge the trust and receive the compensation and in order to provide against every contingency in the case of failure of substitute trustees, the circuit court is authorized to appoint a trustee upon the application of the grantor, the Skinker-Northwood Investment Company, or the holder of any of the bonds secured by the deed of trust. The trustee disqualified to act has no voice in the matters, but the mortgagor who incurs the obligation and encumbers its property and those whose debt is secured by the mortgage. They are the ones who selected the original trustee and provided for substitutes in case of inability to act. The "inability" of the trustee to act includes the very contingency here, as if the deed of trust had specificall provided that in case the trustee shall be placed in the hands of the Finance Commissioner, then the certain other persons named successively shall discharge the duties of trustee.

III. If the Act creating the Finance Department and defining the powers of the Finance Commissioner may be construed as the respondents  construe it, it would impair the obligation of contracts in violation of Article T, Section 10, of the Federal Constitution. The contract in this instance formulated and executed by the parties interested, the debtor and creditors, particularly the debtor, provide. for a trustee to perform the duties of such in such case. And in the event of disqualification or other inability to act another trustee

was named, and in case of his inability a second substitute was named; and in order that the rights of the parties might be conserved and the function of trustee placed in hands entirely satisfactory to the parties, it is further provided that in case neither the first nor the second substitute trustee could act the bondholders secured might appoint a trustee, or in default of such appointment the court on application of the mortgagor or any bondholder could appoint. Only the parties directly and solely interested in the proper discharge of the trust had any right or concern with the appointment. The court in making the order objected to disregarded and violated those particular provisions of the contract. If the Act creating the Finance Department and defining the duties of Finance Commissioner should be construed as authorizing the Commissioner. with or without court orders, to take over the trust, such construction would place the statute in direct conflict with the terms of the contract upon which the parties depend for protection of their rights. It would impair the obligation of the contract. Therefore the statute under consideration cannot be given the construction contended for. [12 C. J. pp. 1052-1059.]

The preliminary rule is made absolute. All concur.