**POUNCEY et al. v. FIDELITY NAT. BANK & TRUST CO. OF KANSAS CITY, MO., et al.**

**No. 10556.**

Circuit Court of Appeals, Eighth Circuit.

Sept. 11, 1936.

into "a new special school district," and that a board of six directors be created for such new district, with the powers and duties "now bestowed by the present existing laws of the State of Arkansas upon the boards of directors of special or single school districts in incorporated cities and towns and the territory annexed thereto." The county board of education on October 18, 1929, granted this petition, and the school district was designated in its order as "Hughes Rural Special School District of St. Francis County, Arkansas." An appeal was taken by certain taxpayers from this order of the board to the circuit court of St. Francis county. That court on May 13, 1930, affirmed the action of the county board of education. The judgment entered stated that the order appealed from "should be affirmed and that said several three districts should be and the same are hereby consolidated into one school district, to be known and designated as 'Hughes Rural Special School District of St. Francis County, Arkansas.'"

On September 9, 1930, the board of directors of the new district adopted a resolution authorizing the "Hughes Special School District" to borrow approximately $82,500, to issue bonds for that amount, and to give legal notice for the sale of such bonds at public auction. In the notice of sale the bonds were referred to as those of the "Hughes Rural Special School District." The sale was held on October 2, 1930, and the board of directors accepted the offer of M. W. Elkins & Co., of Little Rock, Ark., to purchase the bonds. The board provided for the execution and delivery of a trust indenture, covering property and revenues of the school district, to American Trust Company of Little Rock, Ark., as trustee, to secure payment of the bonds. The bond issue and the execution and delivery of the trust indenture were not authorized by the qualified electors of the school district. Each of the bonds was signed by "Hughes Special School District." The trust deed was executed by "Hughes Special School District." The bonds were in the usual form and contained the usual warranties. The trust deed was in conventional form, and contained a provision for the substitution of another trustee by a majority of the bondholders, should that become necessary. The treasurer of the school district executed a receipt certifying full payment for the bonds by the purchaser in accordance

H. B. Solmson, Jr., of Little Rock, Ark., and E. W. Mead, of Wilton Junction, Iowa (Charles W. Norton, of Forrest City, Ark., and J. W. House, of Little Rock, Ark., on the brief), for appellants.

Charles A. Walls, of Lonoke, Ark., and John F. Rhodes, of Kansas City, Mo. (Justin D. Bowersock and Robert B. Fizzell, both of Kansas City, Mo., on the brief), for appellees.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

This appeal is from a decree determining that $81,500 of bonds of the "Hughes Special School District" of St. Francis county, Ark., are valid obligations of that district.

On March 26, 1929, there was presented to the county board of education of St. Francis county, Ark., the petition of a majority of the qualified electors of three school districts of that county, namely, Hughes special school district, Heth special school district, and common school district No. 15. This petition asked that these three districts be dissolved, and that the territory comprising them be formed

with the sale and award, at a price not less than par, and that the purchaser had complied with its contract of purchase.

On September 13, 1932, certain taxpayers of the district brought suit in St. Francis county chancery court against "Hughes Rural Special School District," its board of directors, M. W. Elkins & Co., the American Exchange Trust Company, W. E. Taylor, state bank commissioner, and S. A. Rolfe, county treasurer of St. Francis county, Ark., alleging that M. W. Elkins & Co. had purchased the bonds in question, that the trust company was an Arkansas corporation, and that Taylor was bank commissioner and in charge of the trust company, an insolvent banking institution. The complaint also alleged the issuance of the bonds and the giving of the trust indenture, and that the bonds and trust indenture were illegal, not being valid obligations of Hughes rural special school district, and that no election had been held to authorize them. The relief prayed for was an injunction against the payment of the bonds and cancellation of the trust indenture as a cloud upon the title of the property of the school district. Service was had upon the named defendants, who offered no defense. The chancery court found that the district was a special rural school district, and that the proceedings leading up to the issuance of the bonds and the giving of the trust indenture were unlawful and void. It was decreed that the trust indenture be canceled and that the school district and its officers be enjoined from paying the bonds, either principal or interest. This decree was entered November 5, 1932.

The American Exchange Trust Company, trustee under the trust indenture, had become insolvent November 14, 1930, nearly two years before the commencement of the suit in the chancery court. Subsequent to insolvency, the trust company was in the hands of W. E. Taylor, state bank commissioner.

The bonds, after their issuance by the school district, had been delivered by its officers to M. W. Elkins & Co., the purchaser, and had been sold by that company to various persons for value. These purchasers from Elkins & Co. took the bonds without notice of any infirmity. The holders of these bonds were not named as defendants or served with process in the suit in the chancery court.

The Fidelity National Bank & Trust Company, of Kansas City, Mo., the owner of some of these bonds, on April 25, 1933, was appointed, by a majority of the bondholders, substituted trustee under the trust indenture. It then commenced this suit on behalf of itself and other bondholders against "Hughes Special School District," its board of directors, the treasurer of St. Francis county, and the tax collector of the county, for a decree requiring the payment of the full amount of the outstanding bonds with interest, and for other equitable relief. The school district made no defense. There were motions to dismiss by some of the individual defendants, which were overruled. Certain taxpayers of the school district intervened, asserting the invalidity of the bond issue and the trust indenture given to secure it, and pleading the suit in the state chancery court and the decree entered therein as res adjudicata. The court below found for the bondholders and entered a decree in their favor, and the taxpayer interveners have appealed.

Three questions are presented:

(1) Was the decree in the suit in the state chancery court a bar to this suit?

(2) Was the school district which issued and sold these bonds a special school district, the directors of which might authorize a bond issue, or was it a special rural school district which could only issue bonds when authorized by the electors of the district?

(3) Were the bonds invalid because full payment to the county treasurer or school district treasurer was not made by the original purchaser as provided by law?

▮▮▮ It is difficult to believe that the appellants are serious in contending that the decree of the state chancery court was binding upon these bondholders who were not parties to the suit, but who are claimed to have been represented in the suit by a defunct trust company and its liquidating agent, the state bank commissioner. That a judgment of a state court is to be given full faith and credit, and that a decree in a suit wherein bondholders have been represented by a trustee is binding upon them, is entirely beside the point. We are asked to hold that, because the defunct corporate trustee and the state officer who had been in charge of its affairs since insolvency were parties to the chancery suit, the de-

cree is binding upon these bondholders. That the bondholders never had their day in the state chancery court and were not there represented is clear. The claim that jurisdiction of them was obtained in that suit by service of process on the insolvent corporate trustee and the state bank commissioner is without merit. An insolvent trust company which has been taken over for liquidation is not, for the purpose of such a suit, a representative of bondholders secured by a trust indenture in which the trust company was named as trustee. Such a trust company can neither perform the duties nor respond to the liabilities imposed by law upon a fiduciary. The state officer who acts as receiver or liquidating agent for the insolvent trust company is not a trustee for or representative of such bondholders, and is a mere custodian or conservator of trust assets. See In re Stasser's Estate, 220 Iowa, 194, 262 N.W. 137, 102 A.L.R. 117; Young v. Bankers' Trust Co.'s Receiver, 250 Ky. 1, 61 S.W. (2d) 904; Sullivan v. Kuolt, 156 Wis. 72, 145 N.W. 210; Wallace v. Guaranty Trust Co., 259 Mich. 342, 243 N.W. 49; State ex rel. Banister v. Cantley, 330 Mo. 943, 52 S. W.(2d) 397.

■ The appellants contend that the school district was a special rural school district because it was so designated by the county board of education and by the circuit court of St. Francis county. It is conceded that, if it was a special rural school district, the board of directors would have been without authority to issue the bonds. It is also conceded that, if the school district was a special school district, the board of directors had authority to issue these bonds. The parties agree that the petition to the county board of education was jurisdictional. That means, as we understand it, that the board of education acquired its jurisdiction to create a new school district out of the territory formerly comprising three school districts, because of the filing of the petition. The appellants are apparently of the opinion that the jurisdiction of the county board of education was broad enough to permit it, upon a petition calling for the creation of a special school district, to create a special rural school district, and that the board actually created such a district in this instance.

The statute under which this school district was created is Act No. 156 of the Acts of 1927 General Assembly of Arkansas

(page 549). It provides: "Upon a petition being filed with the County Board of Education signed by a majority of the qualified electors in the territory to be affected, said County Board of Education of any County within the State of Arkansas shall have the right to form new school districts and to change the boundary lines between any School District heretofore formed where, in the judgment of such Board of Education, it would be for the best interest of all parties affected, provided, however, that no change shall be made that would impair any outstanding indebtedness of any school district now formed." Section 1, p. 550.

The jurisdiction of the county board of education could extend no further than to the subject matter of the petition filed. Where a majority of the qualified electors had petitioned for the creation of a special school district, the board could grant or deny that petition, but it could not, we think, create a school district not petitioned for. This seems to be a logical deduction from the wording of the act itself, which requires that a majority of the qualified electors shall propose by their petition the formation of a new district. It finds support in the decision of the Supreme Court of Arkansas in Faulkner County, Board of Education, et al. v. Common School District No. 103 et al., 183 Ark. 846, 847, 39 S.W.(2d) 294. In that case the state circuit court had modified the order of a board of education creating a school district, and had excluded part of the territory included by the board. On appeal it was held that the circuit court acted without authority. The Supreme Court of Arkansas said [183 Ark. 846, 39 S.W.(2d) 294, at page 295]: "We think the court was in error in the order made. The consolidated district, as established by the circuit court, was not the district petitioned for and established by the board of education. The court should either have granted the prayer of the petition or have denied it entirely, and should not have adjudged that the consolidated district be established after excluding district 103. Rural Special School District No. 21 v. Common School District No. 87 [183 Ark. 329] 35 S.W.(2d) 587; School District No. 26 v. Baxter County Board of Education [183 Ark. 295] 35 S.W.(2d) 1013."

While the Supreme Court of Arkansas was dealing with an order of the circuit court, it seems clear that a petition

490

calling for the creation of a special school district could not confer jurisdiction upon the board of education to create another kind of district. But, even if the board had such jurisdiction, the mere designation of the new district as "Hughes Special Rural School District" would, in our opinion, be insufficient to justify a conclusion that the board had, in effect, denied the petition filed and created the kind of a district not petitioned for.

When the county board of education granted the petition here involved, it created a special school district, regardless of what the district might be called. The designation of the district as "Hughes Special Rural School District" was a mere irregularity, which has, no doubt, since been cured by section 54 of Act No. 169 of the Acts of Arkansas for 1931 (page 512), which provides: "All districts formed by action of the county board of education of any county prior to the passage of this Act are hereby made districts under the provisions of this Act, and any errors, omissions, or defects in the procedure of creating such district are hereby cured, and the action creating any such district is hereby ratified." See Common School Dist. No. 42 et al. v. Stuttgart Special School Dist. No. 22, 187 Ark. 119, 58 S.W.(2d) 680.

Whether M. W. Elkins & Co., the original purchaser of these bonds, did or did not make payment in full as required by law, is of no consequence so far as the subsequent purchasers of these bonds are concerned. The certificate of the treasurer of the school district, upon which the innocent purchasers of these bonds had a right to rely, indicated payment in full. The district is clearly estopped from now contending that the certificate of its treasurer and the warranty of like effect contained in the bonds were false. Road Imp. Dist. No. 7 v. Guardian Savings & Trust Co. (C.C.A.8) 8 F.(2d) 932; Board of Education of Town of Carmen, Okl., v. James (C.C.A.10) 49 F.(2d) 91; Independent School Dist. v. Rew (C.C.A.8) 111 F. 1, 55 L.R.A. 364; Gunnison County Commissioners v. E. H. Rollins & Sons, 173 U.S. 255, 270, 271, 19 S.Ct. 390, 43 L. Ed. 689; Board of Com'rs of Chaffee County v. Potter, 142 U.S. 355, 363, 12 S. Ct. 216, 35 L.Ed. 1040.

The decree appealed from is affirmed.