In the Matter of The BRINKERHOFF-FARIS TRUST AND SAVINGS COMPANY: S. E. WINCHELL, H. F. FINKS, G. C. LINGLE and PAUL MCGEEHAN, Movants, Appellants, v. I. E. GASKILL, W. W. JOHNSTON and M. E. MORRIS, Commissioner of Finance of the State of Missouri.—No. 39911.—201 S. W. (2d) 274.

Division One, March 10, 1947.

Rehearing Denied, April 21, 1947.

62

*Ralph P. Johnson, Crouch, Crouch & Kimberlin, Cowgill & Popham* and *Sam Mandell* for appellants.

*J. E. Taylor,* Attorney General, and *George W. Crowley,* Assistant Attorney General, for respondent M. E. Morris, Commissioner of Finance; *H. E. Sheppard, Elmer E. Hall* and *William G. Boatright* for respondents I. E. Gaskill and W. W. Johnston.

CONKLING, J.—In these proceedings, instituted by motion in the Circuit Court of Henry County, appellants challenged the authority of Judge Leslie A. Bruce, then judge of the Seventeenth Judicial Circuit, which did not include Henry County, to preside as special judge in the Henry County Circuit Court throughout the liquidation of the Brinkerhoff-Faris Trust and Savings Company. The court below found the issues against appellants upon the merits of the motion attacking the authority of Judge Bruce to act as judge in the case, and appellants have appealed.

Appellants, who were petitioners and movants below, are the surviving officers and directors of the defunct Trust and Savings Company, which about February 6, 1933, pursuant to statutory authority, was taken over by the State Commissioner of Finance. W. W. Johnston was appointed Deputy Commissioner in charge of the liquidation of the bank. He remained in charge until about June 16, 1939, when his final report and settlement was approved by order of Judge Bruce entered in the Henry County Circuit Court, and he was discharged.

In February, 1933, when the Deputy Commissioner was placed in charge of the bank, and on March 30, 1933, Honorable W. L. P. Burney was the regular Judge of the Twenty-ninth Judicial Circuit, which included Henry County. On March 30, 1933 Judge Burney entered

the following order in the Henry County Circuit Court calling Judge Bruce as such special judge:

"Thursday, March 30, 1933

In re:

Brinkerhoff-Faris Trust and Savings Company, W. W. Johnston, Special Deputy Finance Commissioner in charge of liquidation.

Now on this day Hon. W. L. P. Burney, Judge of the 29th Judicial Circuit, because of interest as a depositor in said institution voluntarily disqualifies himself to sit in said proceedings.

It is further ordered that the Hon. Leslie A. Bruce, Judge of the 17th Judicial Circuit be and hereby is called specially to sit and hear all matters touching upon said liquidation and in relation thereto.

W. L. P. Burney,
Circuit Judge.

In request of call made by Hon. W. L. P. Burney to Judge Leslie A. Bruce to act as special judge in this cause, Judge Leslie A. Bruce appears and consents to act as Judge and assumes all jurisdiction in this case.

Henry M. Adkins,
Circuit Clerk."

Throughout all the proceedings in that cause, up to and including the final order of June 16, 1939, no attack or objection was made by anyone to the above set out order or to the authority or any order or decree of Judge Bruce as special judge of the court in that cause.

During the course of the liquidation proceedings in the Henry County Circuit Court, and on October 29, 1938, the parties appeared in court and Judge Bruce, as such special judge, approved a contract and ordered the sale of the remaining assets (including real estate) of the defunct bank to respondent Gaskill, who paid the balance due depositors and all remaining costs of liquidation, a total of about $48,000.00. Appellants knew that the order of sale of the remaining assets, which was made on October 29, 1938 was to be made on that day, and made no objection thereto, and further knew that the final order of June 16, 1939 was to be made, and made no objection thereto.

Thereafter, in the latter part of 1943, appellants instituted against respondent Gaskill, et al., an action in equity to set aside the order of sale made by Judge Bruce on October 29, 1938 on the ground that the same was obtained by fraud. After trial upon the merits below the chancellor dismissed the petition. That action reached this court upon appeal, was here affirmed, and is reported in 354 Mo. 593, 190 S. W. (2d) 266. The facts behind this controversy are there fully stated. The curious may read. The exact question which must be ruled on this appeal was raised in In re Collins Trust Estate, 354 Mo. 614, 190 S. W. (2d) 259, but the question of the authority of Judge Bruce to sit as special judge in the liquidation proceedings

was not necessary to the disposition of that case, and was not there ruled.

About six years after the termination of the liquidation proceedings, about seven years after the order confirming the sale of assets and real estate to respondent Gaskill, nearly twelve years after the entry of the order calling in Judge Bruce, and on March 4, 1945, appellants filed their present motion in the original liquidation cause below. Such motion and petition prayed the court to set aside the order of sale of October 29, 1938 made by Judge Bruce for the reason that all orders, acts and proceedings of Judge 'Bruce in said liquidation case as special judge were void because the statutes did not authorize Judge Burney to call in another Circuit Judge as special judge to hear an isolated civil case. By their separate answers respondents contend specifically (1) that while the order calling in Judge Bruce as special judge may have been mere error or irregularity, it was not objected to, and that the present objection is too late and cannot prevail, (2) that the decree of Judge Bruce confirming the sale was that of a de facto ▮▮▮ judge and cannot be now assailed, and (3) that at the time of the above mentioned confirmation of the sale of October 29, 1938 appellants appeared in court in person or by attorney and urged Judge Bruce to confirm the proposed sale. The court below heard the motion upon the merits on an agreed statement of facts.

The appellants contend, the respondents concede, and it is the law that inasmuch as the proceedings to liquidate the bank were civil proceedings, Judge Burney, as the regular judge disqualifying himself had no statutory authority to call in Judge Bruce to act as special judge. Sec. 1059, R. S. Mo. 1939, Mo. R. S. A. sec. 1059; In re Collins Trust Estate, 354 Mo. 614, 190 S. W. (2d) 259; State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 43 S. W. (2d) 825, l. c. 826.

Therefore, the only question to be ruled in the case is were the decrees of Judge Bruce and his order of sale of October 29, 1938 the decrees of a de facto judge. If that question be ruled in the affirmative, then it was a matter of error, and not having been timely objected to was waived.

We cannot agree with appellants' contention that under the circumstances here a mere irregularity in the manner of the selection of the special judge was fatal to the validity of his orders. There seems no question but that Judge Bruce was a special judge. The order of Judge Burney called Judge Bruce as a special judge. The parties concede that he was a special judge. Both the constitution and the statutes recognize a special judge and give color and standing to Judge Bruce as such. Judge Bruce did not come in and usurp the office of special judge. An order of record in the cause named and called him. And while jurisdiction cannot be conferred or based upon the estoppel of appellants to deny it exists, yet there may be an estoppel as to the steps by which a special judge obtains juris-

diction. However, the question here is not one of jurisdiction. It is a question of error. State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 43 S. W. (2d) 825. In its last analysis, the question is, was there or was there not a judge of the Henry County Circuit Court in the liquidation case.

Without question the Circuit Court of Henry County had jurisdiction of the liquidation proceedings. If there be no proof to the contrary, there is always presumption of jurisdiction and right action by a court of general jurisdiction. State v. Rose, 351 Mo. 1198, 175 S. W. 768, 771 (Mo.) ; 21 C. J. S. 149. A judge de facto differs from a mere usurper who seeks to act officially without any color of right, and differs also from a judge de jure, who is in all respects legally appointed, qualified and acting. Under the circumstances here, Judge Bruce was a judge de facto because as a special judge of a court of general jurisdiction he purported to act under color of the authority of a known appointment, made of record, actually exercising the judicial functions he assumed, even though there was in fact an irregularity in his appointment, and he apparently held such office as special judge with the irregularity of his appointment unkown to the public; and this is particularly true here for his authority was fully recognized by the parties to the cause, by the officers of the court, by other courts, and his orders, judgments and decrees were followed by full recognition and acquiescence until long after his decisions were rendered.

In Missouri a special judge is a judge de facto. State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S. W. (2d) 335, and cases there cited. Without question Judge Burney under some circumstances had the authority to call in the judge of another circuit court to hear a case. And, even assuming that the particular circumstances which would have given Judge Burney such authority did not exist, and that acting under a mistaken view of his right, he did call in the judge of another circuit, even so, Judge Bruce took over and acted as judge in the case under such circumstances of reputation and acquiescence as were calculated to induce litigants without inquiry to invoke and submit to his rulings supposing him to be the judge of the court in that case.

At any time from 1933 to 1939 appellants could have urged in the liquidation case that Judge Bruce was without authority. They did not do so. An examination of the record made by Judge Burney on March 30, 1933 at any time between that date and October 29, 1939 would have revealed the same thing it revealed on March 5, 1945, the day the present motion was filed. It cannot be doubted that if appellants had ascertained the facts and made timely objection the error would have been speedily corrected. It is not probable and it does not appear that any right of appellants has been adversely affected by the fact, which we must assume was unknown to the

court, parties and counsel, that the appointment of Judge Bruce was irregular.

Research discloses that the modern trend in other jurisdictions, and here, is where possible to give effect and validity to the settled decrees of courts which have been entered under circumstances similar to those presented here. The law favors a sometime end of litigation and the stability and integrity of court records. Litigants should not be permitted to sit by without objection, and then years later be accorded the privilege to question the validity of court proceedings.

From a consideration of the principles of law involved, we hold that under the facts appearing here Judge Bruce was a judge de facto, and that his authority as judge in the liquidation case in the Henry County Circuit Court, and his decrees and judgments therein, not having been there objected to in proper manner, are now valid and beyond question. It follows, therefore, that the judgment of the Circuit Court must be and the same is hereby affirmed. All concur.